**STATE of Missouri, Respondent,**

v.

**Albert A. KELLY, Appellant.**

**No. WD 39498.**

Missouri Court of Appeals, Western District.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and MANFORD, JJ.

NUGENT, Judge.

Defendant Albert A. Kelly appeals from his conviction for possession of a weapon about the premises of a correctional institution. Defendant was sentenced as a prior and persistent offender to five years' imprisonment to be served consecutively with his previously imposed sentence.

We affirm.

On February 15, 1986, Captain Clarence Durham, a supervisor of the Special Management facility at the Missouri State Penitentiary in Jefferson City, received a phone call from an unknown person who informed him that an inmate, Albert A. Kelly, was carrying a knife. Captain Durham called Officer Rex Wells and told him to search Kelly when he arrived at the dining hall.

When Kelly arrived, Officer Wells called him to the officers' dining hall and searched him. He found a knife with a 5¼ inch blade and confiscated it. Kelly returned to the dining hall.

Afterwards, Kelly was taken to Captain Durham's office and read his rights. Kelly admitted that the knife was his and told Durham that he was having a problem with some other inmates. He said that he had been threatened and hit on the head the previous day. Captain Durham observed no injuries.

George Brooks, then Chief Investigator at the Missouri State Penitentiary, interviewed Kelly on February 19. Kelly gave him a written statement in which he claimed that he had been accosted by other inmates who accused him of taking something from their cell. He denied taking anything and the inmates hit him in the face. He admitted that Officer Wells had taken the knife from him and said that he had the knife for protection because the inmates who attacked him wanted to use him in homosexual activities. The defendant denied knowing the names of the inmates who accosted him.

At trial Captain Durham and Mr. Brooks testified that an inmate who is having a problem with other inmates may be placed in protective custody or re-located to another part of the prison. They acknowledged that an inmate might be reluctant to give prison officials the names of inmates causing problems. Mr. Brooks acknowledged that no place in the prison is completely safe and that inmates are frequently attacked.

The defendant testified that the knife identified by the officers was not taken from him, that he possessed only a metal nail file. He also testified that he had been attacked in November, 1985, beaten and scalded with hot water, and he identified the inmates responsible for the attack. Harry Lauf, records officer at the penitentiary, testified that Kelly had been placed in protective custody in November, 1985, and April, 1986.

Defendant was convicted of possession of a weapon about the premises of a correctional institution and sentenced as a prior and persistent offender. He filed a timely notice of appeal.

Defendant contends that the trial court erred in not offering an instruction on duress because the evidence indicated that he was in fear of other inmates who had beaten and threatened him and that a finding of duress could have provided a defense to the charge.

■ Duress is "an affirmative defense that the defendant engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or threatened imminent use of, unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist." § 562.071, R.S.Mo., 1986. To constitute a defense the coercion must be present, imminent and impending, and of such a nature as to induce a well grounded apprehension of death or serious bodily injury. *State v. St. Clair*, 262 S.W.2d 25, 27 (Mo.1953). The threat cannot be of future action, nor can a person who has a reasonable opportunity to avoid the act claim duress as a defense. *Id.* at 27.

■ In the present case defendant claimed that he was attacked in November, 1985. The records officer's testimony corroborated defendant's testimony and also showed that the defendant had been placed in protective custody in November, 1985, and again in April, 1986. Obviously in his case prison policy aimed at protecting an inmate from other inmates was followed.

The defendant was caught with a knife on February 15, 1986. He claimed that he had been attacked the previous day, but no evidence of such an attack was apparent. Defendant also knew that he could ask for and receive help from prison officials if he felt threatened; he had done so previously. The defendant had an opportunity to avoid carrying a weapon, an act that could subject him to further criminal charges; he chose not to take advantage of the opportunity. Any threat of harm was a threat of future harm, not present, imminent and impending. The instruction on duress must be given only if supported by evidence, and no error results from a court's refusal to give an instruction that lacks evidentiary support. MAI–CR 3.26, note 5. *State v. Ianniello*, 671 S.W.2d 298, 300 (Mo.App.1984).

█ In this case we note that the state argues that a prison inmate may not claim duress because he has "placed himself in a situation in which it is probable that he will be subjected to the [sic] force or threatened force," that is, where he has committed a crime and been sentenced to prison. Prisons are not safe places. We do not, however, believe that this is a problem to be dismissed lightly. Prisoners lose many rights at the prison door, but the right to be free of attacks by others is not one of them. The assistant attorney general's argument is unacceptable.

We affirm the judgment.

All concur.