STATE of Missouri, Respondent,

v.

Gregory LANE, Appellant.

Gregory S. LANE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 43962, WD 45303.

Missouri Court of Appeals,
Western District.

July 21, 1992.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Gregory Lane appeals his conviction for possession of a controlled substance, marijuana, about the premises of a correctional institution, § 217.360, RSMo 1986 (repealed 1989). Mr. Lane was sentenced to two years imprisonment to be served consecutively to two five-year consecutive sentences he is currently serving. Additionally, Mr. Lane appeals the denial of his post-conviction Rule 29.15 motion to vacate judgment and sentence. The appeals are consolidated. Mr. Lane waived his right to a trial by jury and was tried in a bench trial. Mr. Lane contends that the trial court erred in rejecting his defense of duress. Mr. Lane also contends that the court erred in denying his Rule 29.15 motion because, he avers, his trial counsel failed to investigate, timely subpoena and call a witness essential to his defense. The judgment of conviction is affirmed. The judgment denying appellant's Rule 29.15 motion is affirmed.

Gregory Lane does not challenge the sufficiency of the state's evidence. On July 23, 1989, Mr. Lane was serving sentences at the Moberly Correctional Center. On the same date, a correctional officer of the institution was conducting a "pat down" search of several prison inmates. Mr. Lane was among those inmates. While searching Mr. Lane, the correctional officer felt an object in one of Mr. Lane's socks. Mr. Lane began to retrieve the object as directed, but when he removed the object from his sock, he ran from the correctional

officer. The correctional officer pursued Mr. Lane. When the correctional officer caught up with Mr. Lane, Mr. Lane was attempting to ingest the item that he had removed from his sock. The officer observed Mr. Lane place a blue balloon into his mouth and swallow it. Mr. Lane was taken to the institution hospital, and the blue balloon was eventually obtained naturally from Mr. Lane's body. The contents of the balloon were analyzed by a forensic chemist who determined the contents of the balloon to be marijuana.

Mr. Lane admitted during trial on direct examination that he possessed marijuana as alleged by the state. Mr. Lane stated that two fellow inmates at the Moberly Correctional Institution pressured him to transport marijuana within the institution. He testified that shortly after he arrived at Moberly, he was approached by two inmates who told him to "carry stuff" from one location to another within the institution. He refused, and the two inmates continued to pressure him to transport contraband for them within the institution. Mr. Lane stated that other inmates began to pressure him in behalf of the two who had approached him stating, "You need to look out for Arizona," the name used by one of the two inmates who had originally approached him.

Mr. Lane testified that his girlfriend's name was Debra Jackson. Approximately six days after he was approached by the two inmates to transport contraband, Mr. Lane was visited by his girlfriend, he said. He testified that his girlfriend told him she had received a threatening letter that had not been mailed, but which had been placed in her mailbox. According to Mr. Lane's testimony, following receipt of the first letter, his girlfriend received two other letters, all three threatening her with explicit violent acts. One of the letters stated, according to Mr. Lane, that if Mr. Lane asked for protective custody, Ms. Jackson would be harmed.

Mr. Lane stated that, after his girlfriend's visit, he was again approached by the two inmates at the institution to move contraband for them. He testified that

they gave him "stuff" to move into the "house" in which he resided within the institution, and he said he did it.

Referring to the incident for which he was charged, Mr. Lane testified that he received the balloon and its contents at the prison handball court, and he was directed to take it to another inmate within the institution housing unit. Mr. Lane testified that he possessed the blue balloon and believed at the time that it contained a controlled substance.

At the conclusion of all the evidence, Mr. Lane's motion for acquittal was denied, and the court found Mr. Lane guilty of the offense charged. The court found that Mr. Lane failed to prove the defense of duress. The trial court said, assuming Mr. Lane's testimony is true, he had a duty to refuse the request of the two inmates to transport controlled substances within the institution.

On February 13, 1991, Mr. Lane filed a pro se motion for postconviction relief pursuant to Rule 29.15. Counsel was appointed, and an amended motion was filed claiming that Mr. Lane's trial attorney failed to investigate, timely subpoena or call as a witness Mr. Lane's girlfriend, Debra Jackson. After an evidentiary hearing on the postconviction motion, the hearing court issued its findings of fact and conclusions of law and denied Mr. Lane's postconviction motion.

Mr. Lane claims that the trial court erred in rejecting his defense of duress and in finding him guilty of possession of a controlled substance on the premises of a correctional institution, § 562.071, RSMo 1986. In support, he maintains that the evidence established that he violated the law because he was in fear of imminent serious bodily injury to his girlfriend and to himself if he failed to comply with the demands of two inmates to transport controlled substances within the correctional institution.

Duress is "an affirmative defense that the defendant engaged in the conduct charged to constitute an offense because he was coerced to do so, by the use of, or threatened imminent use of, unlawful physical force upon him or a third person, which

force or threatened force a person of reasonable firmness in his situation would have been unable to resist." Section 562.-071. The coercion, to constitute a defense, must be present, imminent and impending, and of such a nature as to induce a well grounded apprehension of death or serious bodily injury. *State v. Kelly,* 747 S.W.2d 639, 640 (Mo.App.1988). The threat cannot be of future action, nor can a person who has a reasonable opportunity to avoid the act claim duress as a defense. *Id.*

■ Mr. Lane possessed a balloon containing marijuana within the Moberly Correctional Institution on July 23, 1989. Mr. Lane testified that he knew he could obtain protective custody from individuals within the institution who attempted to pressure him to violate the law. He had been moved to Moberly Correctional Center because of a request he had made for protection while in the correctional facility in Cameron. Threats against his girlfriend could have been referred to law enforcement officers. Any threat of harm was a threat of future harm, not present, imminent and impending. The trial court did not err in rejecting Mr. Lane's defense of duress under § 562.-071.1 and in finding Mr. Lane guilty. The judgment of conviction is affirmed.

Mr. Lane contends that the hearing court erred in denying his Rule 29.15 motion for postconviction relief because his trial counsel failed to render constitutionally effective assistance by failing to investigate, timely subpoena and call as a witness, Debra Jackson. Mr. Lane claims that had Ms. Jackson been called to testify she would have stated that she received letters threatening her unless Mr. Lane complied with demands of two inmates to transfer contraband within the Moberly penal institution.

■ To prevail on a claim of ineffective assistance of counsel, a movant for postconviction relief pursuant to Rule 29.15 must show (1) that his defense attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances, and (2) the movant was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Appellate review is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(j); *State v. Anderson,* 785 S.W.2d 596, 600 (Mo.App.1990). The motion court's findings, conclusions and judgment will not be deemed clearly erroneous unless review of the entire record leaves the appellate court with the definite and firm impression that a mistake has been made. *Id.*

■ To be successful, Mr. Lane must prove that (1) Ms. Jackson could be located through reasonable effort; (2) if called, Ms. Jackson would have testified; and (3) Ms. Jackson's testimony would have provided a viable defense. See *State v. Meadows,* 785 S.W.2d 635, 643 (Mo.App.1990).

■ The motion court conducted an evidentiary hearing on January 29, 1990. The evidence at the hearing disclosed that Mr. Lane furnished to his trial counsel the name of Debra Jackson as a witness. However, Mr. Lane instructed his attorney not to contact Ms. Jackson because he wanted to talk to her first. Mr. Lane stated that he wanted to explain to Ms. Jackson "about going to trial and those kind of things" and that he believed his trial counsel could not adequately explain the trial procedure to Ms. Jackson. Mr. Lane testified that he sent letters and tapes to Ms. Jackson, but he did not instruct her to contact his attorney. Mr. Lane stated that he believed Ms. Jackson would visit him at the institution.

Mr. Lane's attorney spoke with him on August 17, 1989, about issuing a subpoena for Ms. Jackson to appear at trial because Ms. Jackson had still not contacted the attorney. Trial was set for September 17, 1990. Ms. Lane stated he would provide his attorney with the street address for Ms. Jackson, but he wanted to speak with Ms. Jackson before his attorney did. Jackson County authorities refused to serve the subpoena provided by Mr. Lane's attorney on August 20 because the address did not include an apartment number. Mr. Lane's

attorney obtained the apartment number and gave the information to appropriate authorities. On Friday, September 14, 1990, Mr. Lane's attorney learned that the subpoena had not yet been served, and he telephoned the Sheriff's Department to seek its service that weekend. Appropriate Jackson County authorities failed to serve the subpoena as requested.

At the trial, Mr. Lane's attorney explained to the trial court the administrative error, informed the court that most of the evidence could be presented that day, and stated, if necessary, he would request a continuance to permit Ms. Jackson to appear later to present her testimony to the trial court. Mr. Lane and his attorney spoke, and Mr. Lane decided to submit the case solely upon his testimony. After the trial court found Mr. Lane guilty of the offense charged, his attorney subpoenaed Ms. Jackson to appear at Mr. Lane's sentencing, but Ms. Jackson failed to appear.

The evidence presented at the hearing on Mr. Lane's postconviction Rule 29.15 motion establishes that Mr. Lane failed to prove that his trial counsel did not exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Mr. Lane elected to proceed to trial and not seek from the court a continuance to require Ms. Jackson's testimony to corroborate Mr. Lane's testimony. Additionally, the testimony Mr. Lane presented at trial failed to establish that either he or his girlfriend received threats of present, imminent and impending harm. *Kelly,* 747 S.W.2d at 640. Therefore, Mr. Lane was not prejudiced by Ms. Jackson's failure to appear and testify, assuming that had she appeared and testified that her testimony would have corroborated Mr. Lane's testimony.

The motion court's findings of fact and conclusions of law are not clearly erroneous. Rule 29.15(j). Review of the entire record does not leave a definite and firm impression that a mistake has been made. *Anderson,* 785 S.W.2d at 600.

The judgment of conviction is affirmed. The judgment denying the postconviction Rule 29.15 motion is affirmed.

All concur.