STATE of Missouri, Respondent,

v.

Scott HOPE, Appellant.

No. 69625.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 3, 1996.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Scott Hope appeals after the trial court imposed a seven year sentence, which was

consecutive to prior sentences, for felony possession of a controlled substance while incarcerated in a correctional facility. Section 217.360 RSMo Cum.Supp.1993.

There was evidence Hope smuggled marijuana into the Farmington Correctional Center where he was incarcerated. He does not contest the sufficiency of evidence to support his conviction.

Hope's first point involves a claim the trial court erred in denying his request to instruct the jury on the defense of duress. He concedes he smuggled marijuana into the prison but he defends on a claim other inmates coerced his act. He contends he was in danger of imminent bodily harm if he failed to obtain the marijuana.

█ For three reasons, we hold the trial court did not err by refusing the duress instruction. First, the issue was not preserved because Hope did not include the refused instruction in his brief. Rule 30.06(e).

Second, a trial court cannot err by refusing to submit an incorrect instruction. *State v. Parkhurst,* 845 S.W.2d 31, 36–37 (Mo. banc 1992). When the state briefed the issue on the merits, it provided a copy of Hope's missing instruction and noted the instruction was both incomplete and meaningless. The offered instruction states:

### INSTRUCTION NO. A

If you find and believe from the evidence beyond a reasonable doubt that the defendant engaged in the conduct submitted in Instruction No. _____, you will then decide whether or not at that time he acted under duress.

If you further find and believe that it is more probably true than not true,

First, that prison gang members threatened the imminent use of physical force against the defendant, and

Second, that this threatened use of force was such that a person of reasonable firmness in the defendant's situation would not have been able to resist, and

Third, that defendant was thereby coerced into engaging in the conduct submitted in Instruction No. _____.

This instruction would have been meaningless to a jury because it fails to include the last phrase required under MAI–CR3d 310.24 which provides "then you must find the defendant not guilty by reason of duress."

Finally, on the merits of Hope's duress claim, there was no evidence to support his claim. Duress is an affirmative defense available to a defendant claiming he only engaged in the charged conduct:

... because he was coerced to do so, by the use of, or threatened imminent use of, unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist. Section 562.071.1 RSMo 1994.

Here, there was no evidence to support a finding of a threat of force which defendant could not resist. The relevant evidence was Hope's testimony he had been stabbed in prison a few times. However, he did not testify the stabbings were related in any way to the present charge. He offered no testimony to support a finding unidentified inmates in fact pressured him to commit the charged crime by any described means.

Hope's conclusory testimony was not supported by any evidence identifying who threatened him, when, or how. Hope attempted to support his claim by introducing a prison memorandum which referred to a statement by another inmate informant who told prison guards Hope may have smuggled marijuana into the prison because other inmates were pressuring him to do so. The hearsay in the memorandum will not support finding a threat actually took place. Moreover, there is no proof the source for the memorandum was reliable or that Hope had knowledge of the pressure referred to in the memorandum.

Even if the reference in the memorandum was evidence of a future threat, there was no evidence to support a finding the perceived duress involved "threatened imminent use of, unlawful physical force upon [defendant]...." Section 562.071.1 RSMo 1994. The threat of future injury, even if it may occur in a prison, is insufficient to support a

defense of duress if the threat is not imminent. *See State v. Rumble,* 680 S.W.2d 939, 942 (Mo. banc 1984); *State v. Rogers,* 912 S.W.2d 670, 673 (Mo.App. S.D.1995).

Lastly, Hope failed to offer evidence to support a finding he had no opportunity to resist. Section 562.071.1 RSMo 1994. He had the burden to prove he had no available alternative but to commit the crime. The defense of duress is not available to a prisoner who could, but does not, seek the alternative of protective custody. *See State v. Lane,* 834 S.W.2d 242, 245 (Mo.App. W.D.1992); *State v. Kelly,* 747 S.W.2d 639, 640 (Mo.App. W.D.1988). Here, there was testimony inmates were advised they could seek protective custody at any time. Hope never asked for protection and offered no evidence to support a finding he was unable to seek protection. Point denied.

Hope's second point is his claim the trial court erred by denying a request to argue his duress defense in his closing argument. We hold the court did not err in denying leave to argue a defense which was not proven.

Affirmed.

RHODES RUSSELL, P.J., and SIMON, J., concur.