406 So.2d 135 (1981)
STATE of Louisiana
v.
John J. STORMS, III.
No. 80-KA-2931.
Supreme Court of Louisiana.
September 28, 1981.
Rehearing Denied December 14, 1981.
*136 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., G. Thomas Porteous, Jr., Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert N. Clarke, Westwego, for defendant-appellant.
DENNIS, Justice.[*]
Defendant, John J. Storms, III, was convicted by a jury of two offenses: aggravated rape, La.R.S. 14:42, for which he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence; and aggravated crime against nature, La.R.S. 14:89.1, for which he was sentenced concurrently to fifteen years at hard labor. He advances six assignments of error in this appeal.
The evidence tended to prove that defendant Storms abducted a ten year old girl and for several days forced her to engage in various sexual acts at motels in the New Orleans area. The defendant transported the victim in his car, forcing her to ride under a quilt or in the luggage compartment. He was captured at a pay phone in Jefferson Parish while the victim was seated in his vehicle a short distance away.
ASSIGNMENT OF ERROR NO. 8
In this assignment, defendant argues that the indictment or information was defective for two reasons: (1) He was not properly informed of the nature and cause of the aggravated crime against nature charge; (2) His prosecution for aggravated rape, a crime punishable by life imprisonment, was improperly instituted by information rather than by grand jury indictment.
Defendant did not question the sufficiency of the indictment at trial, however. Only after verdict, in his motion in arrest of judgment, did he complain of these defects.
The Sixth Amendment to the United States Constitution, identically to Article I, § 13 of the 1974 Louisiana Constitution, provides that an accused in a criminal proceeding shall "be informed of the nature and cause of the accusation...."
Article 464 of the Code of Criminal Procedure provides that the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. Under the jurisprudence of this court, however, if the sufficiency of an indictment or information is not questioned at the trial, the pleading must be held sufficient unless it is so defective that it does not, by any reasonable construction, set forth an identifiable offense against the laws of this state, and inform the defendant of the defendant of the statutory bases of the offense. State v. Gainey, 376 So.2d 1240 (La.1979); State v. James, 305 So.2d 514 (La.1974). Cf. 1 Wright, Federal Practice and Procedure, § 123 at pp. 225-226 (1969). As we stated in State v. James, supra, at 516:
"... where in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution."
The sufficiency of the original indictment would have been subject to question at trial because it did not specify the type of sexual act or aggravation involved in the aggravated crime against nature. *137 Since a short form indictment was not authorized for this offense, see La.C.Cr.P. art. 465, the written statement did not contain all of the essential facts constituting the offense charged as required for a long form indictment. La.C.Cr.P. art. 464.
The indictment may not be questioned after conviction, however, because the defendant was in fact fairly informed of the charge against him and was not prejudiced by surprise or lack of notice. His pretrial application for change of venue reflects that at least two weeks before trial his attorney had knowledge that the alleged victim was a ten year old girl. Five days before trial, the indictment was amended to add that the defendant committed the offense "by forcing the said [victim's name] to place her mouth upon his penis." During jury selection defense counsel moved for individual and sequestered voir dire on the ground, among others, that the case involved "an alleged kidnapping, aggravated rape, and aggravated crime against nature of pre-pubescent girl by a thirty-four (34) year old man." On the second day of trial, which was devoted primarily to the voir dire examination of prospective jurors, the state filed a response to defendant's pre-trial motion for discovery and bill of particulars, alleging that each aggravated offense was committed while defendant was armed with a knife and that on two occasions the victim was "at knife point." Accordingly, we reject defendant's argument that he was not adequately informed of the nature and cause of the accusation because the record reflects that he failed to raise this objection prior to verdict and that he was in fact informed of the statutory bases of the offense.
Originally, a three count indictment charged defendant with simple kidnapping, aggravated rape and aggravated crime against nature. Immediately prior to commencement of trial, the assistant district attorney abandoned the simple kidnapping prosecution by filing a bill of information charging the defendant only with the two sexual offenses. Since a prosecution of a crime punishable by life imprisonment, such as aggravated rape, must be initiated by indictment, La.Const. of 1974, art. 1 § 15, defendant contends that his conviction of this offense is void.
It is clear, however, that the prosecutor did not intend to bring a new prosecution against the defendant but merely sought to amend the indictment by deleting the kidnap charge. The district attorney is inherently empowered to amend an indictment in open court to charge the defendant with a lesser included offense. State v. Gilmore, 332 So.2d 789 (La.1976). This necessarily includes the power to amend the indictment so as to abandon or delete a charge altogether. Accordingly, the district attorney had the inherent authority to abandon the kidnap charge and proceed with the prosecution of the other offenses.
The prosecuting attorney's unorthodox method of amending the indictment constituted a formal insufficiency which would have been subject to question at trial. However, the defendant did not raise any objection before verdict. Moreover, he was not actually deprived of the safeguards provided by the requirement of grand jury indictment, or any other element of fairness and due process. Accordingly, we conclude that, under the circumstances of this case, the prosecutor's failure to use an approved method of amendment was not a substantial defect which may be questioned after conviction. See State v. James, supra.
This assignment of error is without merit.
Having reviewed the remaining assignments of error filed by the defendant, we find that they present no reversible merit and do not require published explanation because they do not present any question of unsettled law. Therefore, these assignments are discussed in an unpublished, but publicly recorded, appendix to this opinion.
The defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] Judges Frederick S. Ellis, Morris A. Lottinger, Jr., and Elven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.