STATE of Missouri, Respondent,

v.

Gerald Wayne PARKHURST, Appellant.

No. 74597.

Supreme Court of Missouri,
En Banc.

Dec. 18, 1992.

As Modified on Denial of Rehearing
Jan. 26, 1993.

David S. Durbin, Appellate Defender, J. Bryan Allee, Asst. Appellate Defender, Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

HOLSTEIN, Judge.

A jury convicted defendant Gerald Wayne Parkhurst, and he was sentenced to six months in jail for the unlawful use of a weapon. § 571.030.1(4).[1] Although the issue of the sufficiency of the information was not raised before the trial court, the Missouri Court of Appeals, Western District, reversed the conviction because the information failed to allege that defendant acted "knowingly." This Court granted transfer. *Mo. Const. art. V, § 10.* The judgment is affirmed.

## I.

Section 571.030.1(4) makes it a class D felony to knowingly exhibit in the presence of one or more persons any weapon readily capable of lethal use in an angry or threatening manner.

The information in this case charged that defendant

> committed the class D felony of unlawful use of a weapon ... in that on or about the 28th day of July, 1989, in the County of Harrison, State of Missouri, the defendant exhibited in the presence of more than one person a weapon, to wit: a semi-automatic handgun, readily capable of lethal use in an angry or threatening manner.

---

1. Unless otherwise noted, all references to statutes are to RSMo 1986.

A careful reader will note that the word "knowingly" does not appear in the information. Nevertheless, defendant waived arraignment and was tried by a jury, convicted, and filed a motion for new trial, all without complaint regarding the information.[2] The first mention of the omission of the word "knowingly" from the information is in the brief on appeal.

Our Statute of Jeofails, § 545.030, long a part of Missouri law, provides:

1. No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected:

. . . .

(18) For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

2. Provided, that nothing herein shall be so construed as to render valid any indictment which does not fully inform the defendant of the offense of which he stands charged.

Rule 23.11 provides: "No indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed because of any defect therein which does not prejudice the substantial rights of the defendant." Rule 24.04(b)3 states: "The motion [objecting to an indictment or information] shall be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter."

Notwithstanding the statute and rules noted above, defendant claims that because the word "knowingly" was omitted, his conviction was a nullity, relying on *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983). In *Gilmore*, this Court stated that if all elements of an offense are not alleged, they will not be supplied by intendment or implication. This Court also relied on a second rule that if an indictment or information is insufficient, the trial court acquires no jurisdiction. *See also State v.*

*Brooks*, 507 S.W.2d 375, 376 (Mo.1974). The Court in *Gilmore* concluded that failure to allege that the crime was committed "deliberately" deprived the trial court of any jurisdiction, nullifying a conviction of capital murder under § 565.001, RSMo 1978 (now repealed). 650 S.W.2d at 628–29.

The rule that elements of a crime will not be supplied by intendment or implication is rooted in the common law. Strict technical rules of pleading were developed under the common law due in large part to the fact that all felonies were punishable by death and accompanied by the collateral consequences of attainder, forfeiture of property, and corruption of blood. *State v. Stringer*, 357 Mo. 978, 211 S.W.2d 925, 928 (Mo.1948). In addition, modern rules of disclosure in criminal cases have reduced the need for much of the detail required in common law indictments. The reasons for the technical common law rules of pleading have ceased to exist and have been supplanted by the statute and rules noted above. Nevertheless, the courts of this state have been reluctant to depart from the rigorous common law rules. "It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past." Holmes, *The Path of the Law*, 10 Harvard L.Rev. 457, 469 (1897).

Some movement toward a more reasoned approach has been established in our caselaw. For example, *State v. Stringer, supra*, noted that § 545.030 was specifically designed to do away with the technicalities of the common law. There the Court suggested that the "no intendment or implication" rule should be limited to those allegations "necessary to inform the defendant of the nature and cause of the accusation." 211 S.W.2d at 929.

 This suggestion of a more liberal construction of an indictment or informa-

---

**2.** An approved instruction was given permitting the jury to find defendant guilty only if it found beyond a reasonable doubt that "defendant act-

ed knowingly with respect to the facts" of the unlawful use of a weapon. *See MAI–CR3d 331.-22.*

tion, at least in post-conviction challenges, was carried a step further in *DeLuca v. State*, 465 S.W.2d 609 (Mo.1971). There an information failed to identify the owner of property alleged to be stolen. The Court stated:

> Persons of reasonable intelligence reading this information would recognize the offense which it charged. The basic purpose of an indictment or information is to inform the defendant of the charges against him ... Avoidance of a second charge for the same offense is frequently stated as a reason for the rule that constituent elements of the offense may not be supplied by intendment.
>
> . . . .
>
> This construction of the information is not prejudicial to appellant who went to trial upon it without question. He was adequately informed of the charge and is not subject to a second trial for the same offense ... [A] retrial of defendant under an information charging that he stole property of [the victim] would afford appellant no right or defense which was not possible under the information under review.

465 S.W.2d at 612–13.

In reaching its conclusion, the *DeLuca* court relied on *Palomino v. United States*, 318 F.2d 613, 616 (9th Cir.), *cert. denied*, 375 U.S. 932, 84 S.Ct. 335, 11 L.Ed.2d 264 (1963), for the federal rule that an indictment that is not timely challenged will not be held insufficient "unless it is so obviously defected that by no reasonable construction can it be said to charge the offense for which the conviction was had." *See also United States v. Watkins*, 709 F.2d 475, 478 (7th Cir.1983) (holding that omission of the word "knowingly" from an indictment not challenged until after trial was not a fatal defect); *United States v. Lucas*, 932 F.2d 1210, 1218 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 199, 116 L.Ed.2d 159 (1991); *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir.1989); *United States v. Phillips*, 869 F.2d 1361, 1365 (10th Cir. 1988), *cert. denied*, 490 U.S. 1069, 109 S.Ct. 2074, 104 L.Ed.2d 638 (1989); *United States v. Previte*, 648 F.2d 73, 80 (1st Cir.

1981). At least two districts of the court of appeals have followed the rule laid down in *DeLuca*: *Ward v. State*, 793 S.W.2d 637, 641 (Mo.App.S.D.1990); *Puckett v. State*, 782 S.W.2d 454, 455 (Mo.App.E.D.1990). While not relying on *DeLuca*, the Missouri Court of Appeals, Western District, reached essentially the same result in *State v. Nash*, 621 S.W.2d 319 (Mo.App.1981). There the court held that omission of the word "knowingly" from an indictment for first degree burglary was not a fatal defect because the indictment referred to the correct statutory section and the language "clearly implies that the entry was [made] knowingly." *Id.* at 324.

While this Court in *Gilmore* acknowledged the purposes of a criminal indictment or information, it failed to analyze that information under the standard enunciated in *DeLuca* or under the more liberal construction of indictments or informations afforded under § 545.030 or Rule 23.11. Specifically, the Court in *Gilmore* did not examine the information to determine if it was sufficient to inform the defendant of the offense charged so that he would not be prejudiced by being unable to prepare a defense or unable to raise the defense of double jeopardy. In addition, the Court did not examine the information to see if it was so defective that it did not by any reasonable construction charge the defendant with the offense with which he was convicted. That case also failed to consider the effect of Rule 24.04(b) requiring a timely challenge to the charge. Because *State v. Gilmore* and the case upon which it was based, *State v. Brooks*, did not apply the proper analysis to post-verdict claims of an insufficient information or indictment, they were wrongly decided. To the extent of any conflict with this case, they are overruled.

In addition, both *Brooks* and *Gilmore* mistakenly relied on the confusing statement of law found in a number of cases that if an indictment is insufficient, the trial court acquires no jurisdiction of the subject matter. *See Montgomery v. State*, 454 S.W.2d 571, 575 (Mo.1970). Subject matter jurisdiction of the circuit court

and the sufficiency of the information or indictment are two distinct concepts. The blending of those concepts serves only to confuse the issue to be determined. Circuit courts obviously have subject matter jurisdiction to try crimes, including the felony of unlawful use of weapons. Mo. Const. art. V, § 14(a). At the same time, a person cannot be convicted of a crime with which the person was not charged unless it is a lesser included offense of a charged offense. *Montgomery*, 454 S.W.2d at 574–75. Cases stating that jurisdiction is dependent upon the sufficiency of the indictment or information mix separate questions. That language in *Mongtomery, Gilmore, Brooks* and other cases should not be relied on in the future.[3] Equally inaccurate is the statement in at least one case that absence of an information deprives the trial court of jurisdiction over the person.[4] *State v. Barrett*, 44 S.W.2d 76, 78 (Mo. 1931). To the extent *Barrett* is inaccurate, it is not to be followed. However, a defendant may for the first time on appeal raise either the issue of the trial court's jurisdiction to try the class of case of which defendant was convicted or a separate claim that the indictment or information was insufficient to charge the crime of which defendant was convicted.

■ To summarize, the rule that essential statutory elements may not be supplied by intendment or implication has no application where the issue is not timely raised pursuant to Rule 24.04(b). When the issue is raised for the first time after verdict, the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare

a defense and plead former jeopardy in the event of acquittal are prejudiced.[5] In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

■ Applying those principles here, the information cited the statute, § 575.030.-1(4), which included the level of culpability required for defendant to be convicted. The information alleged the date and place of the offense, the type of weapon and manner in which the weapon was displayed, that the weapon was readily capable of lethal use, and asserted that the offense was committed in the presence of more than one person. The omission of the word "knowingly" did not impact on the preparation of the defense and would not prevent defendant from asserting double jeopardy, had he been acquitted. In this case, the absence of the word "knowingly" in the information did not prejudice substantial rights of defendant. The only reasonable construction of the information leads to the inescapable conclusion that defendant was charged with the offense of which he was convicted. The failure to include the word "knowingly" in the information was not a fatal defect.

## II.

The charge of unlawfully exhibiting a weapon arose out of a confrontation in the Bethany, Missouri, Wal-Mart parking lot between defendant and his girlfriend, Stephanie Linnebur, on one side and Ed Chamberlain, his sons, Matt and Luke Chamberlain, and Lane Comer, on the other. On appeal, defendant complains that he should have been allowed to present evidence that Matt Chamberlain and his brother, Mark

3. For a similar analysis from another state, see the recent case of *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990).

4. Jurisdiction over the person is waived by appearing and defending without objection. *State v. Conway*, 351 Mo. 126, 171 S.W.2d 677, 683 (Mo.1943).

5. For cases from other states reaching a similar result, see *State v. Kjorsvik*, 117 Wash.2d 93, 812

P.2d 86, 92 (1991); *State v. Hall, supra; State v. John*, 770 P.2d 994, 995 (Utah 1989); *State v. Hurley*, 150 Vt. 165, 552 A.2d 382, 386 (1988); *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393, 396 (1985); *Pauls v. State*, 476 A.2d 157, 159 (Del.1984); *Terry v. State*, 465 N.E.2d 1085, 1087 (Ind.1984); *State v. Concannon*, 457 A.2d 1350, 1355 (R.I.1983); *State v. Storms*, 406 So.2d 135, 136–37 (La.1981).

Chamberlain, a former boyfriend of Ms. Linnebur, had, approximately fourteen months prior to the date of the offense charged, committed specific acts of threats and violence toward Ms. Linnebur and defendant.

The offer of proof was that on Memorial Day, 1989, Ed Chamberlain's wife and Greg Wilson, a nephew of Ed Chamberlain, had a confrontation with defendant and Ms. Linnebur. Following that encounter, defendant and Ms. Linnebur went to a home to call police. While in the home, Matt and Mark Chamberlain, as well as others, drove around shouting challenges and threats toward defendant and Ms. Linnebur. The court sustained an objection to this proposed evidence.

 Trial courts are given broad discretion on questions of relevancy of evidence and, without a clear showing of an abuse of that discretion, appellate courts will not interfere with the trial court's ruling. *State v. Brown*, 718 S.W.2d 493, 493–94 (Mo. banc 1986). Where justification is an issue, the trial court may permit a defendant to introduce evidence of the victim's prior specific acts of violence of which the defendant had knowledge if the acts are reasonably related to the crime. *State v. Waller*, 816 S.W.2d 212, 216 (Mo. banc 1991). The Memorial Day incident primarily involved Ed Chamberlain's wife and nephew, individuals not present at the confrontation between defendant and Ed Chamberlain. In addition, the confrontational conduct of Matt and Mark Chamberlain occurred fourteen months prior to the events that led to defendant being charged in this case. There was no abuse of discretion in the trial court concluding that the actions of the two brothers were not relevant to defendant's claim of justification. Refusing to admit the Memorial Day incident was not an abuse of discretion.

### III.

Defendant's third point is that the trial court erred in failing to give his proposed jury instruction A, a self-defense instruction patterned after MAI–CR3d 306.06. The defendant also tendered and an in-

struction was given on justification as an emergency measure. *See § 563.026* and *MAI–CR3d 308.20.*

The portion of proposed instruction A relevant to this appeal states:

If the defendant reasonably believed he was in imminent danger of harm from the acts of Ed Chamberlain or Matt Chamberlain and the defendant used only such force as reasonably appeared to be necessary to defend himself, then he acted in lawful self-defense and must be found not guilty.

 Self-defense is available to one charged with exhibiting a weapon in an angry or threatening manner because flourishing a weapon in the presence of others is equated to an assault. *State v. Ruffin*, 535 S.W.2d 135, 137 (Mo.App.1976). The only question which has not been answered by the cases is whether exhibiting a pistol in an angry and threatening manner should be characterized as "physical force" or "deadly force." The latter term includes physical force which the actor "knows to create a substantial risk of causing death or serious physical injury." *§ 563.011(1)*. Unquestionably, the risk of death or serious physical harm is significantly elevated when one of the parties to an angry confrontation displays a handgun. Implicit in the statute forbidding the brandishing of weapons in an angry or threatening manner is a legislative determination that such conduct creates a substantial risk of death or physical injury to those in whose presence such conduct occurs. Accordingly, a defendant charged under § 571.030.1(4) is only entitled to an instruction on self-defense if the facts justify the use of deadly force. A correct self-defense instruction in a prosecution under § 571.030.1(4) must hypothesize the defendant's reasonable belief that he was in imminent danger of "death, serious physical injury, rape, sodomy or kidnapping." *§ 563.031.2.*

 Defendant's instruction A did not hypothesize the defendant's reasonable belief that he was in imminent danger of death or serious physical injury. The instruction misstated the legal standard by

which defendant's right to self-defense must be measured. Failure of a trial court to give an incorrect self-defense instruction is not error. *State v. Garrette*, 699 S.W.2d 468, 510 (Mo.App.1985). Accordingly, the trial court committed no error in rejecting instruction A. Defendant's third claim of error is denied.

The judgment is affirmed.

All concur.