STATE of Missouri,
Plaintiff/Respondent,

v.

James A. WILLYARD,
Defendant/Appellant.

No. 61879.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1993.

Motions for Rehearing and/or Transfer to
Supreme Court Denied
March 10, 1993.

Alan G. Kimbrell, St. Louis, for defendant/appellant.

Joseph I. Murphy, Steven Kobal, Asst. Pros. Attys., St. Charles County, St. Charles, for plaintiff/respondent.

REINHARD, Judge.

Defendant appeals his conviction, in this bench-tried case, of making a false report, a class B misdemeanor, § 575.080, RSMo 1986. Defendant was sentenced by the court to a term of six months in the county jail, but execution of the sentence was suspended, contingent upon successful completion of two years' probation and service of ten days' "shock time" in the county jail. We affirm.

The facts of the case are not disputed. On August 13, 1991, St. Louis City police officer Steven Hall was dispatched to investigate a series of burglaries at Remco Manufacturing Company. Remco's owner, Gordon Gubin, informed Officer Hall that he had been approached by defendant, who had given him information regarding the burglaries. Gubin took Officer Hall to defendant's place of employment to meet with him.

Officer Hall questioned defendant, who implicated two persons, "Moleek" and "Bam", as the burglars. Defendant stated that he had met with the two at Bam's house on the previous night and had seen some radios there which had been stolen

from Remco. Defendant stated that he would lead them to Bam's house, where the radios were supposedly kept.

Defendant accompanied Officer Hall and his partner, Detective Pride, to the house in north St. Louis City where he said he had seen the radios. Defendant then related that there was another house, in West Alton, St. Charles County, where the property was stored. Defendant provided a general description of the house's location, but stated that he did not know "really what road it was on or street or anything."

The three went to the police station, where defendant provided the officers with additional information. Officer Hall then contacted authorities in St. Charles County and advised them of the situation. Detective Sergeant Crouch, of the St. Charles County Sheriff's Department, advised Officer Hall that if defendant could positively identify the house where the stolen property was stored, he would apply for a search warrant.

Defendant led the officers to 1289 Saale Road in West Alton, where defendant identified a garage as the site where the stolen property was kept. Officers Hall and Pride then accompanied defendant to the St. Charles County Sheriff's Department, where he was interviewed by Detective Crouch. Defendant told Detective Crouch that various items of stolen property were being stored in the garage at "1289 Saale Road", including car stereos and phones, furniture, and a vehicle. Defendant stated that he had last seen the stolen property in the garage "about a week and a half ago." Detective Crouch, relying on this information, subsequently secured a warrant to search the premises.

The next day, Officers Hall and Pride contacted defendant, who reported that the burglars were moving the stolen property out of the building on Saale Road. Defendant told Officer Hall that Moleek had discovered that he had talked to the police and had left a note on his car threatening his life and telling him to leave town. The three law enforcement officers returned to the Saale Road property and met with its

owner, who resided on the premises. They obtained consent from him to search the garage, which they found to be full of farming equipment. No evidence of any stolen property was found at the site.

Officer Hall contacted defendant and reported the result of the search. Defendant admitted that he had lied to the officers, and stated that he had done so because he was afraid of Moleek, who "told him to lie to [the police] about the address or else he would get hurt." Officer Hall placed defendant under arrest. An information was subsequently filed in St. Charles County, alleging:

> that defendant knowingly made a false report to Richard Crouch, a law enforcement officer, that a crime, to-wit: that a storage shed was being used to store stolen property from burglaries which were committed by or for a certain person.

In defendant's principal point on appeal, he contends that the trial court erred in overruling his motion for judgment of acquittal because "the State failed to make a submissible case ... [in that] the State failed to prove that defendant reported that a crime had occurred, or that any portion of his report could be construed as a report that a crime had occurred was false...." He further contends that venue was inappropriate in St. Charles County, rendering the conviction invalid. In reviewing a claim of insufficiency of the evidence in a court-tried case, we accept the State's evidence as true and give the State the benefit of all reasonable inferences, disregarding all evidence and inferences to the contrary.[1] *State v. Worsham,* 732 S.W.2d 209, 212 (Mo.App.1987); Rules 27.01, .07.

Section 575.080 provides, in pertinent part:

1. A person commits the crime of making a false report if he knowingly:

(1) Gives false information to a law enforcement officer for the purpose of implicating another person in a crime; or

---

1. Defendant presented no evidence at trial.

(2) Makes a false report to a law enforcement officer that a crime has occurred or is about to occur;

\*　　　\*　　　\*

2. It is a defense to a prosecution under subsection 1 of this section that the actor retracted the false statement or report before the law enforcement officer or any other person took substantial action in reliance thereon.

3. The defendant shall have the burden of injecting the issue of retraction under subsection 2 of this section.

4. Making a false report is a class B misdemeanor.

Section 575.080 became effective January 1, 1979, and is based on Model Penal Code § 241.5.[2]

Logic and common sense indicate a two-fold purpose in criminalizing this behavior. First, false reports cause " 'police maintained at public expense for the public benefit to devote their time and services to the investigation of false allegations, thereby temporarily depriving the public of the services of these public officers....' " Model Penal Code § 241.5 cmt. 1 (1980) (quoting King v. Manley, [1933] 1 K.B. 529). Furthermore, such reports falsely implicate law-abiding citizens in crimes, causing them inconvenience and embarrassment. Subsection 2 of the statute provides an opportunity for retraction, prior to substantial action by the authorities, and further effectuates these dual purposes while limiting the breadth of the statute.

■ It appears to us that there is sufficient evidence to support a conviction of defendant under subparagraphs 1 and 2 of § 575.080.1. Defendant admitted telling the police officers that stolen property was stored in a building on the Saale Road property, and that this information was false. He further admitted that he did this because he was told to do so by one of the burglars. It is clear that when defendant directed the officers to the Saale Road property, he did so with the purpose of diverting the officers' attention away from Moleek and Bam, and implicating the owner of the Saale Road property in a crime. Such behavior is criminalized in subparagraph 1 of the statute.

Furthermore, this same set of facts is sufficient to support a conviction under subparagraph 2, in that defendant made a false report to a law enforcement officer that a crime had occurred at the Saale Road location, when he alleged that Moleek and Bam, or the owner of the garage, had retained stolen property there.[3] Plaintiff's allegations of error regarding the sufficiency of the evidence are without merit.[4]

---

**2.** Our previous statute, § 562.285.2 (repealed 1977), had similarly provided that "[a]ny person who ... [k]nowingly and willfully makes ... any false report to any peace officer ... concerning an alleged crime, ... knowing at the time that no crime ... had been made ... is guilty of a misdemeanor...."

**3.** Section 570.080, RSMo 1986, provides that "[a] person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, *retains* or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." (emphasis ours). Defendant argues that Moleek and Bam could not be found guilty of both receiving and retaining under the statute, asserting that adoption of the "single party transaction" theory was not intended by the legislature. *See State v. Stanback*, 719 S.W.2d 896, 898 (Mo.App.1986); *State v. Davis*, 607 S.W.2d 149, 153 (Mo. banc 1980). This argument is misplaced; it is plain that retaining stolen property is criminalized by the statute. We need not address whether a defendant could be successfully prosecuted for both receiving and retaining the same stolen property.

Defendant further contends that even if Moleek and Bam committed the crime of retaining stolen property, this crime was committed the instant they obtained possession of the goods, such that moving the property to the garage on Saale Road would not constitute a new violation of the statute. This interpretation ignores the use of "retains" in the statute; it is clear that had Moleek and Bam knowingly retained stolen property at the Saale Road address, their actions would have violated the statute. We need not address the appropriateness of a double jeopardy defense to separate charges for each facet of a single offense. *See State ex. rel Westfall v. Campbell*, 637 S.W.2d 94, 98 (Mo.App. 1982).

**4.** We note that Detective Crouch, acting in reliance on defendant's report, secured a warrant to search the Saale Road property and subsequently conducted the search, albeit with the consent of the property owner. Defendant's retraction came after the investigation had been

■ Defendant's next argument, that venue was inappropriate in St. Charles County, is not supported by the record. Defendant conveyed the false information to Detective Crouch at the St. Charles County Sheriff's Department office, and later at the Saale Road address. Accordingly, venue was proper in St. Charles County. § 541.033, RSMo 1986. Point denied.

■ Defendant also contends that the information charging him was insufficient and "a nullity". However, defendant did not file a pre-trial motion challenging the information, pursuant to Rule 24.04. Defendant relies on *State v. Gilmore*, 650 S.W.2d 627, 628–29 (Mo. banc 1983), to support his contention that all essential elements of the crime must be alleged in the information "and if such elements are missing they cannot be supplied by intendment or implication." We note, however, that this reasoning in *Gilmore* and its progeny has recently been overruled by our supreme court in *State v. Parkhurst*, 845 S.W.2d 31 (Mo. banc 1992). As the *Parkhurst* court stated:

> [T]he rule that essential statutory elements may not be supplied by intendment or implication has no application where the issue is not timely raised pursuant to Rule 24.04(b). When the issue is raised for the first time after verdict, the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

*Parkhurst*, 845 S.W.2d at 35 (footnote omitted).

Applying these principles here, we do not find that the information was insufficient. The information cited the statute, § 575.-080, and appropriately advised defendant of the charges against him. Here, as in *Parkhurst*, "[t]he only reasonable construction of the information leads to the inescapable conclusion that defendant was charged with the offense of which he was convicted." *Parkhurst*, 845 S.W.2d at 35. Point denied.

Judgment affirmed.

AHRENS, P.J., and CRIST, J., concur.

completed and was ineffective to avoid punish-    ment under the statute.