STATE of Missouri, Appellant,

v.

**Orlando L. BRISCOE, Respondent.**

**No. 74910.**

Supreme Court of Missouri,
En Banc.

Feb. 23, 1993.

Rehearing Denied March 23, 1993.

---

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for appellant.

Susan L. Hogan, Appellate Defender, J. Bryan Allee, Asst. Appellate Defender, Kansas City, for respondent.

LIMBAUGH, Judge.

The State of Missouri appeals the judgment of the trial court sustaining defendant Orlando L. Briscoe's Rule 29.15 motion to vacate his convictions under § 195.-020, RSMo 1986 (repealed),[1] of three counts of sale of cocaine. We accepted transfer to review the issue raised in the Rule 29.15 motion—whether the failure to recite in the information that defendant acted "knowingly" in the commission of the offenses is a fatal defect. The judgment of the trial court is reversed.

Defendant Briscoe's challenge to the sufficiency of the information, first raised in the Rule 29.15 motion, is that the culpable mental state (*mens rea*), an essential element of the crime, is omitted. The trial court held that "the failure to allege in the information the essential element of 'knowingly' renders the information insufficient as a matter of law, and as a result, the trial court acquired no jurisdiction, and the resulting conviction is void." On appeal, the State argues that the information is sufficient because 1) it tracks the language of the charging statute, § 195.020, and 2) it alleges facts that by reasonable construction do charge that defendant acted "knowingly."

Our review of a Rule 29.15 postconviction judgment is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). This standard is met "only if a review of the entire record leaves a definite and firm impression that a mistake has been made." *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991).

The three counts in the information, identical except for the dates of the commission of the offenses, each state the following:

> Orlando L. Briscoe, in violation of Section 195.020, RSMo, committed the felony of sale of cocaine, punishable upon conviction under Section 195.200, RSMo, in that on or about the [date of offense], in the County of Buchanan, State of Missouri, the defendant sold cocaine to Officer Lynn Garland.

■ Initially, we note that the trial judge, not having the benefit of our very recent decision in *State v. Parkhurst,* 845 S.W.2d 31 (Mo. banc 1992), ruled incorrectly that a court has no jurisdiction to proceed where an essential element has been omitted from the formal charge. In *Parkhurst,* we held that such errors affect only the legal sufficiency of an information, not "the trial court's jurisdiction to try the class of case of which defendant was convicted."[2] *Id.* at 35.

---

1. Defendant Briscoe was sentenced as a prior and persistent offender to three concurrent twelve-year terms.

2. On this issue, *Parkhurst* overruled a line of cases that held that jurisdiction is dependent upon the sufficiency of the indictment or information. *See, e.g., State v. Brooks,* 507 S.W.2d 375 (Mo.1984); *State v. Gilmore,* 650 S.W.2d 627 (Mo. banc 1983); *Montgomery v. State,* 454 S.W.2d 571 (Mo.1970).

■ This is not to say defects in an information cannot otherwise be fatal to the prosecution. But the scope of our review is narrow where, as in Briscoe's case, the information is not challenged until after trial. As stated in *Parkhurst:*

When the issue is raised for the first time after verdict the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

■ Defendant Briscoe was charged under *§ 195.020,*[3] which states that a person commits the crime of sale of a controlled substance (in this case cocaine) merely by selling the controlled substance. No other element of the crime is included in the statute, and noticeably absent is any reference to a culpable mental state. In this situation, we turn to *§ 562.021.2, RSMo 1986,* which provides:

Except as provided in section 562.026 [4] *if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required* and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient. (emphasis added)

Under this section, a culpable mental state is an essential element of the crime of sale of cocaine, no less than those elements contained in the text of *§ 195.020.* This requirement is acknowledged in the Supreme Court approved pattern charge for

sale of cocaine, MACH–CR 32.08.1, which incorporates *§ 562.021.2* with *§ 195.020* so that the term "knowingly" is included as an element of the offense.[5]

■ It has long been held that an indictment or information must contain the essential elements of the offense charged as set out in the statute or statutes that define the offense. *See State v. O'Connell,* 726 S.W.2d 742, 746 (Mo. banc 1987); *State v. Garrett,* 627 S.W.2d 635, 637 (Mo. banc 1982). Although the counts in the Briscoe information contain all of the elements of *§ 195.020* proper, they fail to specify, at least by express terms, the culpable mental state required under *§ 565.021.*

■ We need not, however, decide whether the failure to allege the culpable mental state in express terms invalidates the information. The import of *Parkhurst* is that we will no longer persist in requiring reversal in every case involving an insufficient information. When the insufficiency is first objected to after trial, the defendant must allege and demonstrate actual prejudice. *Parkhurst* at 35.

The sole contention of Briscoe's 29.15 motion is that the trial court had no jurisdiction to proceed because of the failure to plead an essential element of the crime. But, under *Parkhurst,* a claim of lack of jurisdiction is no longer viable; the only claim that might be available to Briscoe is that he was actually prejudiced by the failure to plead an essential element. Yet, he does not contend that he was in any way prejudiced by that defect. Nor is there any indication that he was hindered in the preparation of his defense or that he would have been unable to plead former jeopardy in the event of an acquittal. It is well settled that the prevention of such consequences is the very purpose behind the rule that all essential elements of the crime

---

3. This statute was repealed in 1989 subsequent to defendant's misconduct.

4. Set out in *§ 562.026* are the very few kinds of offenses that require no culpable mental state.

5. Technically, MACH–CR 32.08.1 could specify that the sale of cocaine might be undertaken not just knowingly, but in the alternative, purposely

or recklessly. Even in the new statute that criminalizes sale of cocaine, *§ 195.211, RSMo Supp.1989* (which replaced *§ 195.020*), there is no reference to a culpable mental state. But MACH–CR 25.04, the pattern charge for *§ 195.211,* does specify that the prosecutor can charge that defendant acted either "knowingly" or "recklessly."

must be plead. *See O'Connell*, 726 S.W.2d at 746. Further, there is no indication that Briscoe was unaware of the requisite mental state, and indeed, he admits that the jury was properly instructed that "knowingly" is an element of the crime. Under these circumstances, the defect in the information, if any, was not prejudicial error, and reversal of the conviction is not required.

Our decision should not be interpreted to relieve the State of its obligation to plead the essential elements of a crime in the indictment or information and to follow verbatim the language specified in MACH–CR, the approved pattern charges. The failure to plead all essential elements of a crime will still result in reversal if the defendant suffers actual prejudice.

The findings and conclusions of the trial court supporting its decision to vacate the conviction are clearly erroneous. Because defendant Briscoe failed to object to the alleged defect in the information until after trial, and because he failed to plead or prove that he was prejudiced by the defect, the convictions should stand.

The judgment of the trial court is reversed, and the convictions are reinstated.

All concur.