Byron DAVIS, Movant,

v.

STATE of Missouri, Respondent.

No. 63177.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 31, 1993.

Elizabeth Haines, St. Louis, for movant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Byron Davis, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Movant sought to vacate his plea of guilty to possession of a controlled substance and his sentence as a persistent drug offender to imprisonment for twelve years. We affirm.

Movant pleaded guilty to possession of a controlled substance and was found to be a persistent drug offender. Possession of a controlled substance is a class C felony. § 195.202.2, RSMo (Cum.Supp.1992). The persistent drug offender sentencing statute, section 195.285.2, RSMo (Cum.Supp.1992), provides:

> Any person who has pleaded guilty to or been found guilty of a violation of subsection 2 of section 195.202 shall be sentenced to the authorized term of imprisonment for a class A felony if it finds the defendant is a persistent drug offender.

Although § 195.285.2 authorizes a greater sentence, it does not operate to change the classification of the charged crime. *State v. Richardson,* 838 S.W.2d 122, 126 (Mo.App. E.D.1992). The underlying charge remains a class C felony; however, the information here designated the underlying crime as a class A felony.

Movant first contends that the plea court lacked jurisdiction because the information was defective in that it improperly referred to the charged offense as a class A felony.

■ "Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts." *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992). Cases stating that jurisdiction is dependent upon the sufficiency of the information mix separate questions. *Id.* Trial courts obviously have subject matter jurisdiction to try felonies. Missouri Constitution, Article V, Section 14(a); *State v. Parkhurst,* 845 S.W.2d at 35. Additionally, the plea court had jurisdiction over the person because the movant was properly present in the courtroom at the time he pleaded guilty. Therefore, the plea court had jurisdiction to accept movant's guilty plea. Additionally, the information, despite its incorrect reference to the offense's classification, was sufficient to charge the crime of which movant was convicted. The reference to the offense as a class A felony is mere surplusage that does not affect the validity of the charge. *Murrain v. State,* 714 S.W.2d 177, 178 (Mo.App.1986); *see also State v. Parkhurst,* 845 S.W.2d at 35. Movant's first point is denied.

Movant next claims his guilty plea was involuntary due to his belief that his counsel was ineffective for not quashing the information filed against him. Movant contends this inaction led him to believe his trial counsel would not present a defense to the crime charged at trial.

■ Trial counsel cannot be deemed ineffective for failure to file a motion that has no merit. *Pollard v. State,* 627 S.W.2d 114, 116 (Mo.App.1982). For the reason stated under point one, point two is denied.

The denial of movant's Rule 24.035 motion is affirmed.

REINHARD and CRIST, JJ., concur.