STATE of Missouri, Respondent,

v.

Kelvin MOOREHEAD, Appellant.

Kelvin MOOREHEAD, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 63665, 64939.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1994.

Tamara Detloff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal. Defendant directly appeals his conviction for sale of a controlled substance in violation of § 195.211, RSMo 1986. He also appeals the denial of his Rule 29.15 motion for post-conviction review without an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence to convict him. Therefore, only a brief description of the facts is necessary. On June 29, 1992, at approximately 4:50 p.m., Detective Thomas Llewellyn was working undercover for the City of St. Louis Police Department, attempting to engage people in known drug areas of St. Louis in drug deals. On that date, Detective Llewellyn was approached by Kendrick MacArthur, who asked him if he was looking for drugs. When Llewellyn responded affirmatively, MacArthur took Llewellyn to another location where Defendant sold Llewellyn a rock of crack cocaine for seventeen dollars. Defendant was subsequently arrested after a brief chase.

On July 30, 1992, the grand jury indicted Defendant for sale of a controlled substance. After trial on February 18–19, 1993, a jury convicted Defendant. The trial court sentenced him as a prior and persistent offender and prior drug offender to twenty years' imprisonment.

On July 16, 1993, Defendant filed a *pro se* Rule 29.15 motion for post-conviction review. Counsel was appointed and she amended Defendant's motion. The motion court denied Defendant's points without an evidentiary hearing in a lengthy opinion.

■ In his first point, Defendant argues the trial court abused its discretion by striking for cause Venireperson Lazarus Johnson because Johnson did not intentionally fail to disclose a prior arrest during voir dire.

During voir dire, the State questioned the venire panel regarding their prior arrests. At that time, Venireperson Johnson stated his only arrest was for missing a court date on a traffic violation. During further questioning regarding prior arrests, the prosecutor approached the trial bench and indicated he believed Johnson was failing to disclose a prior arrest in 1992 for third degree assault. The court decided to wait until the end of voir dire to question Johnson. Following this conversation, the prosecutor directly asked Venireperson Johnson if he had ever been arrested for anything other than traffic tickets. Johnson indicated he only had prior arrests as a juvenile, not as an adult. Johnson was 39 years of age.

Following voir dire, Venireperson Johnson was asked into the trial judge's chambers where he was questioned about this prior arrest. He admitted the incident, which had arisen out of a fight with his girlfriend. However, Johnson stated he believed he had not actually been arrested, because he had turned himself in to the police. However, upon further questioning, he stated he had gone through booking procedure, had been fingerprinted, had been confined for about three hours, and then was released on his own recognizance. In sustaining the State's motion to strike for cause, the trial court stated:

I find it hard to believe that anybody that went through a booking procedure would not then think they're being arrested. He apparently was booked, he was fingerprinted and his mug shot was taken, and at that point any normal person would believe they had been arrested. I do not understand how he could not remember that on voir dire and bring it up.

So I'm going to find I don't believe his statement in here that he forgot about it and that he believed it was not an arrest and that's why he didn't bring it up, and it's an intentional nondisclosure....

■ The decision regarding whether a venireperson has intentionally concealed information during voir dire is within the trial court's discretion and will not be overturned on appeal unless we are able to conclude an abuse of discretion unmistakably occurred. *State v. Martin,* 755 S.W.2d 337, 339[1] (Mo. App.1988). Moreover, an appellate court should grant extreme deference to the ability of the trial court to gauge the demeanor and credibility of the venirepersons and the decision of whether a particular venireperson intentionally concealed a fact. *Washburn v. Medical Care Group,* 803 S.W.2d 77, 83 (Mo. App.1990).

■ Prospective jurors have a duty to answer all voir dire questions truthfully and fairly so that his or her qualifications may be assessed and challenges utilized intelligently. *State v. Shelby,* 782 S.W.2d 703, 704 (Mo. App.1989). Questions regarding nondisclosure normally arise after trial in a motion for new trial and concern actual jurors in the case. However, the law developed under those situations is equally applicable where nondisclosure by a venireperson is revealed prior to trial and he or she is stricken for cause.

■ A venireperson may be stricken for cause where it is found he or she intentionally concealed the truth to a question explored on voir dire. *Cf. State v. Hatcher,* 835 S.W.2d 340, 343[3] (Mo.App.1992); *State v. Endres,* 698 S.W.2d 591, 595[8] (Mo.App. 1985). Intentional nondisclosure occurs "where there exists no reasonable inability to comprehend the information asked of the

juror and the juror actually remembers the experience or the experience was of such significance that his purported forgetfulness is unreasonable." *Martin*, 755 S.W.2d at 340[5]; *Moore v. Jackson*, 812 S.W.2d 240, 243[1] (Mo.App.1991).

Defendant contends the record shows Johnson did not intentionally conceal the truth, but believed he had not been arrested. While Johnson did state he did not believe he was actually arrested, the court found this to be incredible. We agree. It is not an unmistakable abuse of discretion for the trial court to believe Johnson did realize he had been arrested when he knew charges were pending against him, he turned himself into the police, he was booked and fingerprinted, and then released on his own recognizance. We defer to the trial court's determination that Johnson's belief he had not been arrested was unreasonable.

Furthermore, Defendant is unable to show he was prejudiced by the strike because he has not shown the jury empaneled was not impartial. *State v. Becton*, 841 S.W.2d 315, 319[4] (Mo.App.1992). Point denied.

In Point II, Defendant contends the trial court plainly erred in allowing the State to improperly personalize the crime to the jurors in its closing argument.

■ As conceded, Defendant failed to preserve this alleged error in his motion for new trial and our review is only for plain error. Rule 29.11(d); Rule 29.12(b). Appellate courts should rarely grant relief for assertions of plain error in a closing argument. *State v. Crenshaw*, 852 S.W.2d 181, 187[8] (Mo.App.1993). "Absent objection and request for relief, a trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *Id.* at 187[7].

■ The portion of the closing which Defendant now challenges is as follows:

This is your city and this is your chance to say what kind of city you want to live in. Do you want to live in a city that says it's okay to be out on the streets dealing drugs, dealing crack cocaine, or do you want to live in a city where we say no to that type of activity, where we say if you're going to be out on the corners dealing dope, dealing crack cocaine, we're not going to tolerate that. It's your decision today. What kind of city do you want to live in? It's your decision.

Now, I know this case isn't the end of the world. This is one rock of crack cocaine and one dope dealer. There's a lot of drugs out there. We read about it all the time, crack babies and people being shot over crack cocaine. It's going to take a long time to win this war, a long time, but when it's all said and done you're going to be a part of it one way or the other. You're either going to be part of the solution or part of the problem.

■ We find no error in the State's argument, plain or otherwise. A prosecutor is allowed to comment on the prevalence of crime, the necessity of law enforcement as a deterrent, and the evil results which may befall the community when a jury fails in its duty. *Hatcher*, 835 S.W.2d at 344; *State v. Hubbard*, 659 S.W.2d 551, 558[26] (Mo.App. 1983). The challenged argument falls within this acceptable category. *Cf.* closing arguments upheld as proper in *State v. Plummer*, 860 S.W.2d 340, 349–50 (Mo.App.1993); *State v. Jackson*, 833 S.W.2d 888, 890 (Mo.App. 1992); *State v. Garner*, 760 S.W.2d 893, 901 (Mo.App.1988). It is not of the type held improper for arguing the defendant's penchant for committing future crimes or suggesting personal danger to the jurors. *See, Hatcher*, 835 S.W.2d at 344; *Hubbard*, 659 S.W.2d at 558[28]. Point denied.

■ In his third point, Defendant challenges the denial of his Rule 29.15 motion without an evidentiary hearing. Specifically, he contends the motion court erred in denying his claim the trial court lacked jurisdiction to convict and sentence him because the indictment charging him was fatally defective.

The indictment charging Defendant read as follows:

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 195.211, RSMo, committed the *class A felony* of sale of a controlled substance, punishable upon con-

viction under Section 558.011.1(1), RSMo, in that on the 29th day of June, 1992, in the City of St. Louis, State of Missouri, the defendant sold cocaine base, a controlled substance, to DETECTIVE THOMAS LLEWELLYN, knowing or consciously disregarding a substantial and unjustifiable risk that it was a controlled substance. (emphasis added).

The underlying charge of sale of a cocaine base is a Class B felony. § 195.211, RSMo Supp.1993. However, the information improperly designates the crime as a Class A felony. Defendant contends this error is fatal and deprived the trial court of jurisdiction.

■ The motion court held the indictment was not fatally defective simply because it failed to assess the correct level of felony. This finding is not clearly erroneous. Rule 29.15(j). First, Defendant erroneously relies upon *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983). *Gilmore* was overruled by the Supreme Court's decision in *State v. Parkhurst*, 845 S.W.2d 31 (Mo. banc 1992). Under *Parkhurst*, a claim of lack of jurisdiction for insufficient indictment is no longer cognizable. *Id.* at 34–35[2]; *See also, State v. Briscoe*, 847 S.W.2d 792, 794 (Mo. banc 1993).

Therefore, where Defendant has failed to timely raise the issue of insufficient indictment pursuant to Rule 24.04(b), the indictment will be found defective only when:

(1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced.

*Parkhurst*, 845 S.W.2d at 35[8]; *See also, State v. Willyard*, 847 S.W.2d 948, 951[4] (Mo.App.1993). Neither circumstance exists in Defendant's case. First, the indictment correctly specified the statute defining the crime and set forth the facts and essential elements of the crime. The incorrect reference to the offense as a Class A felony is "mere surplusage." *Davis v. State*, 860 S.W.2d 388, 389[3] (Mo.App.1993).

Second, even though the correct underlying charge should have stated the crime was a Class B felony, Defendant was correctly sentenced as a prior drug offender to an enhanced punishment for a Class A felony. *See,* § 195.291.1, RSMo Supp.1993. Therefore, Defendant has failed to show the indictment was insufficient and he was prejudiced by that insufficiency. *See, State v. Simmons*, 861 S.W.2d 128, 132–33[9] (Mo.App.1993). Point denied.

Finally, we deny Defendant's final challenge to the use of the reasonable doubt instruction, Instruction No. 4 patterned after MAI–CR3d 302.04, as unconstitutionally increasing the degree of doubt required for acquittal. *State v. Griffin*, 848 S.W.2d 464, 469[8] (Mo. banc 1993).

Judgment of conviction and sentence affirmed; order denying Rule 29.15 motion affirmed.

CRANDALL, P.J., and REINHARD, J., concur.