**STATE of Missouri, Respondent.**

v.

**Robert Dean JACKSON, Appellant.**

**Nos. WD 52569, WD 52674.**

Missouri Court of Appeals,
Western District.

April 15, 1997.

3. At the first hearing (November 16, 1995), Bell testified her salary at KSYN was $1,200 per month.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

A jury convicted Robert Dean Jackson of nine counts of sodomy. In *State v. Jackson*, 896 S.W.2d 77 (Mo.App.1995), this court reversed two of the convictions and affirmed the remaining seven, but we remanded four of the counts for resentencing. After the circuit court resentenced Jackson, he filed this appeal raising three points of error:[1] (1) that the circuit court did not have jurisdiction because the special prosecutor who filed the

---

1. Jackson presents six points, but because they overlap we combine them into the three points actually asserted.

charges against him had no authority to do so; (2) that the facts hypothesized in the verdict-directing instruction varied from the information and deprived the circuit court of jurisdiction; and (3) that the circuit court erroneously denied his Rule 29.15 motion without a hearing.

The prosecutor for Atchison County, Jefferson G. Broady, prepared the original information charging Jackson with deviate sexual intercourse in Atchison County and filed it in Atchison County. The circuit court numbered the case CR792, granted Jackson's motion for a change of venue, and moved the case to Nodaway County.

Trial of the charges was set to begin on September 2, 1992, but Jackson, who had been released from custody on a bond, did not show up. The circuit court ordered that Jackson's bond be forfeited and issued a *capias* warrant for Jackson's arrest.

Meanwhile, in September 1992, Broady asked the Nodaway County circuit court to appoint David Baird, prosecutor for Nodaway County, as a special prosecuting attorney in the case. The circuit court granted the motion on September 8, 1992, and granted Baird "the same power as Jefferson G. Broady, the duly-elected Prosecuting Attorney, would hold if he were present."

Officers arrested Jackson, and on September 14, 1992, the circuit court set his bond at $25,000 and rescheduled trial for November 19, 1992. Four days later, Baird asked the circuit court in Nodaway County to authorize him "to modify the current charges [pending against Jackson] and/or file additional charges[.]" The circuit court granted Baird's motion on October 13, 1992, and on October 28, 1992, Baird filed in Atchison County a 27-count felony information against Jackson.

The circuit court in Atchison County gave that case a new number, CR793. At Jackson's request, the circuit court again, on November 4, 1992, transferred the case to Nodaway County.

Case No. CR792 remained pending, so, on April 5, 1993, Baird filed in Nodaway County

a *nolle prosequi* terminating prosecution of Case No. CR792. Trial began in Case No. CR793 on July 29, 1993. Jackson did not object to the new information on the ground that Baird had filed it.

In contending in this appeal that the wrong prosecutor filed Case No. CR793 and that this deprived the circuit court of jurisdiction, Jackson relies on § 56.060.1, RSMo 1994, which says, "Each prosecuting attorney shall commence and prosecute all ... criminal actions in his county in which the county or state is concerned[.]" This court's Southern District said, in construing § 56.060.1, "[J]urisdiction is limited by law to prosecuting and defending all civil and criminal actions in his county in which that county or the State is concerned. While he may follow and participate in such case if it is taken out of his county on a change of venue, he has no authority to initiate criminal prosecutions in any county but his own." *State v. Simpson,* 779 S.W.2d 274, 277 (Mo.App.1989).

■ While the *Simpson* court was correct that, at that time such defects in an information were deemed to deprive the circuit court of jurisdiction, the Supreme Court has since instructed in *State v. Parkhurst,* 845 S.W.2d 31 (Mo. banc 1992), that we are no longer to deem this to be the case. In *Parkhurst,* the Supreme Court said, "Subject matter jurisdiction of the circuit court and the sufficiency of the information ... are two distinct concepts." *Id.* at 34–35. The circuit court's subject matter jurisdiction is not dependent on a proper information but on the power granted it by the Missouri Constitution and by the General Assembly. "Cases stating that jurisdiction is dependent upon the sufficiency of the ... information mix separate questions. That language ... should not be relied on in the future." *Id.* at 35.

■ Hence, Jackson's assertion that Baird's filing the new information against him in Atchison County deprived the circuit court of Atchison County of subject matter jurisdiction is simply wrong. The circuit court had jurisdiction to consider the sodomy

charges against him. Mo. CONST. art. V § 14(a) (1945). Although a jurisdictional issue may be raised at any time, the issue which Jackson raises is not a jurisdictional issue. It involves sufficiency of the information. By not raising the issue in his direct appeal, Jackson waived his right to challenge defects in the information. After a remand, an appellant may appeal again, but the appeal must be limited to the circuit court's findings on the issue to be decided on remand, *See State v. Crenshaw,* 852 S.W.2d 181, 191 (Mo.App.1993), unless the point properly raises a jurisdictional issue. We reject his point.

For much the same reason, we reject his second point concerning the variance of the information and the verdict-directing instruction. Certainly, the variance did not deprive the circuit court of jurisdiction to consider the charges alleged in the information. By not raising the variance issue in his direct appeal, he has waived any defects in the instruction.

In his third point, Jackson contends that the circuit court erred in denying his Rule 29.15 motion without a hearing.[2] Jackson, however, did not file a Rule 29.15 motion until after this court remanded four of his convictions for resentencing. Rule 29.15(b) granted him 30 days after the record was filed with this court in which to file his motion. His failure to meet this deadline deprived the circuit court of jurisdiction to consider his motion. *State v. Bradshaw,* 867 S.W.2d 309, 311 (Mo.App.1993). The circuit court properly rejected his motion without a hearing.

For these reasons, we affirm the judgment of the circuit court.

BRECKENRIDGE, P.J., and HOWARD, J., concur.

---

2. He also contends that the circuit court should have granted the motion because the circuit court did not have jurisdiction to consider his case in the first place. We rejected that contention in response to this first point and need not consider it again here.