**STATE of Missouri, Respondent,**

v.

**Hans Lorenz RICHTER, Appellant.**

No. 28053.

Missouri Court of Appeals, Southern District, Division One.

Dec. 17, 2007.

---

John H. Edmiston, Warrensburg, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jamie Pamela Rasmussen, Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

Defendant appeals his speeding conviction, claiming an incomplete charging document robbed the trial court of jurisdiction. We affirm.

A highway patrolman caught defendant, on radar, driving his Dodge Viper 108 mph on U.S. 71. At trial, defendant claimed he was driving only 82 mph, but readily admitted he was speeding and knowingly so. He testified he was prone to speeding, and used a radar detector so he could "go fast and not get tickets." His practice is to drive with radar detectors—he has owned five—because he likes to drive fast. He was found guilty and sentenced to seven days in jail.

Defendant now[1] claims that the trial court lacked jurisdiction, and its actions were a nullity, because the information failed to cite the applicable punishment or penalty statutes as required by Rule 23.01(b)(4).[2] The information was a uniform citation (Form 37.A) written by the trooper and later signed by the prosecutor. As defendant now notes, the State failed to cite the punishment statute in the blank provided therefor.

■ However, jurisdiction and a charging document's sufficiency are two distinct concepts. *State v. Parkhurst*, 845 S.W.2d 31, 34–35 (Mo. banc 1992). Despite an incomplete blank, the information plainly alleged that defendant was driving 108 mph in a 70 mph zone, and charged him

---

1. Defendant raised this issue for the first time on appeal.

2. Rule and form references are to Missouri Court Rules (2006); statutory references are to Missouri Revised Statutes (2000).

with speeding in violation of § 304.010. "Circuit courts obviously have subject matter jurisdiction to try crimes...." *Id.* at 35; Mo. CONST. art V, § 14(a). Indeed, *Parkhurst* disapproved "a number of cases"[3] stating that jurisdiction was dependent upon the sufficiency of the charging document. 845 S.W.2d at 34, 35.

▬ Instead, a charging document first challenged on appeal is deemed insufficient only if it is so defective that it (1) by no reasonable construction charges the offense of which the defendant was convicted, or (2) prejudices the defendant's substantial rights to prepare a defense and plead former jeopardy in case of acquittal. *Id.* at 35. In either event, the defendant also must prove actual prejudice. *Id.* Otherwise, claimed defects "are of no consequence." *State v. Musil,* 935 S.W.2d 379, 382 (Mo.App.1996). Defendant "has not even argued nor has he met his burden on either of the two prongs." *State v. Donehue,* 145 S.W.3d 475, 479 (Mo.App.2004).

Defendant's reliance on *City of Montgomery v. Christian,* 144 S.W.3d 338 (Mo. App.2004) is misplaced; those objections were timely asserted by pretrial motion and again at trial. *Id.* at 341. As defendant first raised his claim on appeal, our review "'is far more limited than would otherwise be the case.'" *State v. Griffin,* 172 S.W.3d 861, 863–64 (Mo.App.2005), *quoting State v. Pride,* 1 S.W.3d 494, 502 (Mo.App.1999).

Judgment affirmed.

PARRISH, P.J., and BATES, J., concurs.

---

**3.** Undoubtedly including this court's pre-*Parkhurst* cases cited by defendant: *State v. McKinzie,* 736 S.W.2d 571 (Mo.App.1987), and *State v. Atterberry,* 659 S.W.2d 339 (Mo. App.1983).