STATE of Missouri, Respondent,

v.

Ronald JONES, Appellant.

No. 62067.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 31, 1993.

---

**1.** It also appears that Sgt. Hendren and Mr. Jones's successor (pursuant to Rule 52.13(d)) may still be defendants.

Irene J. Smith, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for first degree assault and armed criminal action and his sentence as a prior offender. We affirm.

In 1986, James Goodman (Victim) met Versie Jones, Defendant's ex-wife, while Versie was still married to Defendant. Eventually, both Victim and Versie ended their marriages and moved in together. Evidence was presented that the relationship was less than idyllic. Versie's daughter testified Victim and Versie fought physically, with her mother obtaining bruises.

Versie and Victim lived together for about nine months. In late 1989, Versie moved out. Defendant testified Versie and their daughter then moved back into his apartment. However, Victim testified he and Versie maintained contact with each other.

On February 13, 1990, Versie came over to Victim's apartment ostensibly to discuss getting back together with him. While Victim and Versie were sitting quietly on the couch, Defendant broke down the door to Victim's apartment. Defendant was carrying a knife. Defendant said, "What the fuck is this?" Victim testified Defendant raised the knife. Victim reached up and grabbed Defendant's hand. At this time, Defendant jerked the knife and Victim's neck was cut. A fight ensued and Victim was cut again on his hands and chest.

At this time, Victim testified he ran out of his apartment and obtained help at the leasing office. Victim was taken to a local hospital where he had surgery on his neck. Defendant was subsequently arrested at his own residence. Neither the knife nor the clothing Defendant was wearing during the altercation were found.

Defendant testified he knew Versie had gone to visit Victim to get him to pay back some money she had loaned him. He stated Versie drove his car over there. He then realized he needed some documents in the car, so he drove over to get them. However, when he got there, he became worried about Versie's safety. He grabbed a knife out of his car and went up to Victim's apartment to check on Versie. He further testified he did not have the knife raised when he entered the apartment and had not intended on using it.

On June 28, 1990, Defendant was charged by amended information with first degree assault and armed criminal action. The information was later amended to charge Defendant as a prior offender. A jury convicted Defendant of both charges. The trial court sentenced Defendant to ten years' imprisonment for first degree assault and a concurrent sentence of five years for armed criminal action. Defendant appeals.

In Point I, Defendant argues the trial court erred in refusing to instruct the jury on self-defense. The problem with Defendant's contention is, even if the evidence is viewed in the light most favorable to him, no substantial evidence exists in the record to support giving the self-defense instruction. *See, State v. Coats*, 835 S.W.2d 430, 435 [10, 11] (Mo.App.1992). The elements of self-defense require Defendant to show: (1) an absence of aggression on his part; (2) reasonable grounds for him to believe he was faced with immediate danger of serious bodily injury; (3) he used only that force reasonably necessary; and (4) Defendant did everything in his power to avoid the danger and retreated if possible. *State v. Williams*, 815 S.W.2d 43, 48[3] (Mo.App.1991). The record

does not reveal the presence of any of these elements.

■ Further, to show the need of a self-defense instruction, substantial evidence must exist that Defendant was not the initial aggressor or, if he was, he abandoned the conflict by making a clear announcement of his abandonment. *Id.* at 48[4]. In our case, Defendant was clearly the initial aggressor. He broke down the front door to Victim's apartment, even though he did not hear anything which indicated Versie was in any danger. He brandished a knife. Nothing in the record indicates Defendant abandoned the conflict at any time. Point denied.

■ In Point II, Defendant contends the trial court plainly erred in relying on a conviction from 1972 in sentencing him as a prior offender. At trial, Defendant admitted he had been convicted of the felony of possession of drug paraphernalia on or about June 19, 1972. Defendant argues this conviction is too remote in time to be considered as a prior offense pursuant to § 558.016, Supp. 1992. However, § 558.016 does not contain a time limitation. *State v. Givens,* 851 S.W.2d 754, 760[13] (Mo.App.1993); *State v. Lucas,* 809 S.W.2d 54, 57–58[5] (Mo.App.1991); and *State v. Watson,* 716 S.W.2d 398, 402[9] (Mo. App.1986).

In addition, Defendant contends the 1972 conviction should not be considered because currently possession of drug paraphernalia is merely a misdemeanor. We agree that the current law, § 195.233, RSMo Supp.1992, provides unlawful use of drug paraphernalia is a class A misdemeanor. However, at the time Defendant was convicted of a felony. *See,* § 195.200, RSMo 1969. Section 558.016 defines a prior offender as "one who has pleaded guilty to or had been found guilty of one felony." Further, Defendant admitted he had been convicted of a prior felony. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.