STATE of Missouri, Respondent,

v.

Steven M. POWERS, Appellant.

Steven Mack POWERS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 49633, WD 50857.

Missouri Court of Appeals,
Western District.

Jan. 9, 1996.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., BRECKENRIDGE and SMITH, JJ.

FENNER, Chief Judge.

Steven Mack Powers appeals his conviction on two counts of unlawful use of a weapon pursuant to section 571.030.1(4), in the Circuit Court of Chariton County, and also appeals the dismissal of his Rule 29.15 proceeding by the same court.

The record viewed in the light most favorable to the verdict reveals that on November 20, 1993, the family of Frank and Mary McElwee gathered at their home to celebrate Thanksgiving. Appellant's wife, Mary Powers, is the McElwee's daughter. Appellant was not invited to the family gathering because of the poor relationship between him and the McElwee family. Appellant and his wife argued earlier in the day about Mary Powers' decision to attend the gathering, with appellant ultimately telling her to lock

the house when she left because he was not coming home that night.

At approximately 10:00 p.m., appellant pulled into the McElwees' driveway and began honking his horn. Two of Mary Powers brothers, Franky McElwee and Jerry McElwee, went outside to ask appellant to leave. Franky was the first to leave the house and saw appellant standing outside his car holding a can of beer. Franky asked appellant to leave, then tried to get appellant to get back in his car, and several words were exchanged. Appellant then reached into his pocket, pulled out a knife, and stated "Franky, I'm going to cut your throat." Franky grabbed appellant's wrist and held the knife away until the appellant stopped struggling and put the knife back in his pocket. Appellant then got back in his car.

Other members of the McElwee family also came out of the house and observed the events involving appellant, including Frank McElwee, Sr., Mary Powers' father. As appellant started his car, it went forward toward one of Mary Powers sisters. Powers' father picked up a stick from a wood pile and, wielding it like a club, told appellant he was not afraid to use it on him. As appellant pulled out of the driveway and then forward onto the street so that his passenger window faced the McElwee home, he rolled down the window, pointed a gun out of it in the general direction of the McElwee family, and stated "Franky, I'll shoot you where you stand" and told Mary that he ought to kill her. Appellant then drove away.

Later that evening, Mary Powers was accompanied by the local sheriff to the apartment that she shared with her husband. She unlocked the door and gave the sheriff permission to enter. Inside, the sheriff found a .22 caliber rifle with one round in the chamber that had misfired. A utility knife was also found in the pocket of appellant's jacket.

Appellant testified at trial that he went to the McElwee home to get the keys to the apartment from his wife. Appellant admitted pulling the knife and threatening Franky McElwee. He also admitted picking up the rifle in his car but denied that he pointed it out the window.

Appellant's case was tried before a jury on April 20, 1994, with appellant charged with three counts of second degree assault, three counts of armed criminal action, and two counts of unlawful use of a weapon. Appellant was convicted on the two counts of unlawful use of a weapon but acquitted on all other charges. The court found appellant to be a prior and persistent offender for the purposes of § 558.016, RSMo 1994, and sentenced him to two consecutive five year terms of imprisonment as a result of the convictions.

Appellant filed a notice of appeal on June 17, 1994. On October 4, 1994, appellant filed a *pro se* Rule 29.15 motion in the Circuit Court of Chariton County seeking postconviction relief. On November 4, 1994, the State filed a motion to dismiss appellant's Rule 29.15 motion, stating that no notice of appeal was filed, therefore the Rule 29.15 motion was untimely. An amended Rule 29.15 motion was filed by appellant on December 5, 1994. On February 13, 1995, the motion court dismissed appellant's motion as not timely filed. A motion to reconsider dismissal was filed by appellant on February 22, 1995, but no ruling was ever made by the court. Notice of appeal was filed on March 17, 1995. This consolidated appeal of appellant's convictions and the dismissal of his Rule 29.15 motion followed.

## I. DISMISSAL OF APPELLANT'S RULE 29.15 MOTION

Appellant was found guilty on two counts of unlawful use of a weapon on April 21, 1994, and sentenced for those crimes on June 9, 1994. Thereafter, a timely notice of appeal from appellant's convictions and sentences was filed in this Court on June 17, 1994. Appellant's record on appeal was filed with this Court on September 15, 1994.

Under Supreme Court Rule 29.15(b), appellant has thirty days after the filing of the record on appeal to file a motion for postconviction relief. Appellant's *pro se* Rule 29.15 motion, filed on October 4, 1994, was within the thirty day time period. The motion, however, indicated that appellant had not appealed from the judgment of conviction. This error was corrected in appellant's

first amended motion filed on December 5, 1994. Consequently, appellant's Rule 29.15 motion for post-conviction relief was timely filed. The State properly concedes in its brief that appellant's motion was timely filed and that the trial court erred in dismissing the motion as untimely. The motion court's dismissal of appellant's Rule 29.15 motion is reversed and this portion of appellant's appeal is remanded for further proceedings under Rule 29.15.

## II. *FAILURE TO SUBMIT, SUA SPONTE, A SELF-DEFENSE INSTRUCTION*

As his second point on appeal, appellant claims that the trial court erred in failing to submit, *sua sponte*, a self-defense instruction. Though this issue was not preserved at trial, appellant requests that we review the alleged error under the plain error standard pursuant to Supreme Court Rule 30.20.

■ Instructional error is seldom plain error. *State v. Hill*, 865 S.W.2d 702, 707 (Mo. App.1993). In order to demonstrate plain error with regard to alleged instructional error, a defendant must "establish such a misdirection of the jury as would cause manifest injustice." *Id.* (*quoting State v. Root*, 820 S.W.2d 682, 688 (Mo.App.1991)).

■ Section 563.031, RSMo 1993 Supp., authorizes the use of physical force upon another person when and to the extent an individual believes such force to be necessary to defend himself from what the individual reasonably believes to be the imminent use of unlawful force by such other person. A defendant has the burden of injecting the issue of self-defense into his case by substantial evidence. *State v. Bowman*, 869 S.W.2d 901, 903 (Mo.App.1994). If there is substantial evidence putting self-defense in issue, the court is required to instruct the jury on self-defense. *State v. Griffin*, 859 S.W.2d 816, 820 (Mo.App.1993). In determining whether there is sufficient evidence of self-defense to support an instruction, the evidence is viewed in the light most favorable to the theory of self-defense espoused by the defendant. *State v. Weems*, 840 S.W.2d 222, 227 (Mo. banc 1992). Once the issue is injected, the State carries the burden of proof beyond a reasonable doubt in opposing a claim of self-defense. *State v. Goforth*, 721 S.W.2d 756, 758 (Mo.App.1986).

■ A self-defense instruction is available to a person charged with exhibiting a weapon in an angry or threatening manner because flourishing a weapon in the presence of others is equated to an assault. *State v. Parkhurst*, 845 S.W.2d 31, 36 (Mo. banc 1992). However, a defendant charged under section 571.030.1(4), as appellant was in this case, is entitled to an instruction on self-defense only if the facts justify the use of deadly force. *Id.* Accordingly, a correct self-defense instruction in a prosecution based on section 571.030.1(4) must hypothesize the defendant's reasonable belief that he was in imminent danger of "death, serious physical injury, rape, sodomy or kidnapping." *Id.*

■ Appellant claimed that he pulled out a knife because the McElwee brothers had acted aggressively and that Franky had pushed him. Appellant stated that he drew his knife because he was tired of them yelling and pushing, and he wanted them to back off. The activity on the part of the McElwee's is not sufficient for appellant to have a reasonable belief that he was in imminent danger of death or serious physical harm. There is no indication that any activity on the part of the McElwee brothers justified the use of deadly force in the form of appellant's drawing of his knife. Appellant was not entitled to a self-defense instruction on the count against him alleging unlawful use of the knife in an angry or threatening manner pursuant to the requirements of the *Parkhurst* decision.

■ With regard to the count against appellant alleging the exhibition of a rifle in an angry or threatening manner, there is again no evidence to support the giving of a self-defense instruction. Appellant was in his car, leaving the scene when he brandished the rifle, while the members of the McElwee family remained standing on their front lawn. Further, though Frank McElwee, Sr., grabbed a piece of firewood and threatened to use it as a club on appellant if he did not leave, appellant admitted that this occurred

when he was already leaving and that he did not think Frank Sr. would hit him with the club. There was no basis for appellant to use deadly force at any time while in the process of retreating from the McElwee yard. Consequently, under *Parkhurst*, appellant was not entitled to a self-defense instruction on this charge.

Finally, even if there was justification for the use of deadly force, appellant's argument must fail as the proposed jury instruction submitted by appellant failed to hypothesize the defendant's reasonable belief that he was in imminent danger of death or serious physical harm as required by the *Parkhurst* decision. The trial court did not err in refusing to submit self-defense instructions to the jury on either charge of unlawful use of a weapon.

The judgment of conviction is affirmed. The judgment of the motion court dismissing appellant's Rule 29.15 motion as untimely was in error and is reversed and remanded for further proceedings pursuant to Rule 29.15.

All concur.