STATE of Missouri, Plaintiff–
Respondent,

v.

Dwayne DODD, Defendant–Appellant,

and

Dwayne DODD, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19902, 20925.

Missouri Court of Appeals,
Southern District,
Division Two.

May 2, 1997.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cheryl A. Caponegro, Asst. Attorney General, Jefferson City, for respondent.

PARRISH, Judge.

Dwayne Dodd (defendant) was convicted as a persistent offender of robbery in the second degree, a class B felony. § 569.030, RSMo 1986; § 558.016.3, RSMo Supp.1993. He was sentenced to imprisonment for a term of 15 years. § 558.016.7(2), RSMo Supp. 1993. Defendant thereafter filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. It was denied after an evidentiary hearing.

Defendant appeals the judgment of conviction in his criminal case (No. 19902) and the order denying his Rule 29.15 motion (No. 20925). The appeals were consolidated as required by Rule 29.15(*l*) as that rule existed at the time the motion was filed. *See* Rule 29.15(m). Defendant's appeal of the judgment of conviction is dismissed. The order denying defendant's Rule 29.15 motion is affirmed.

Defendant and his brother, Keith Dodd, went to the home of John Medders in Springfield, Missouri, the afternoon of May 4, 1994, to borrow money. Medders loaned defendant $6. Defendant left a silver ring with Medders for collateral. While he and his brother were at Medders' house, defendant learned that Medders had recently sold an automobile. Medders had between $2,000 and $2,500 in his wallet.

Defendant, his brother and three other people returned to Medders' house later that evening. Defendant demanded the return of the ring he had left with Medders earlier that day. Medders dropped the ring outside his front door on a porch and closed and locked the door. Defendant and his brother continued to beat on the front door until they kicked it in. They entered the house. Medders was beaten. Defendant took his wallet and money.

After defendant's attorney filed his brief with this court, defendant filed a motion for leave to file a supplemental pro se brief. Leave was granted and the supplemental brief was filed as permitted by this court's special rule 6.

■ The original brief makes one allegation of error. It is directed to the denial of defendant's Rule 29.15 motion. Defendant contends the motion court erred in denying the motion because "the record shows that Judge McGuire exhibited bias and prejudice

against blacks by using racial slurs and telling racial jokes."

This court's review of the motion court's order denying defendant's Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions were clearly erroneous. Rule 29.15(k).

Defendant's pro se Rule 29.15 motion, which was incorporated by reference and made part of the amended motion defendant's appointed counsel filed,[1] alleged:

Trial counsel Thad Burrows was ineffective in failing to adequately secure my requkested [sic] change of judge and change of venue. Trial Judge Thomas K. McGuire erred and abused his discretion when he refused to grant me a Change of Judge and a Change of Venue.

The motion court found:

The Court finds no evidence that the trial judge, Thomas K. McGuire, was biased against African Americans and that [defendant] was prejudiced as a result. [Defendant] presented the testimony of two of Judge McGuire's former bailiffs, Mel Lee and Paul Hungerford. Mel Lee testified that he had known Judge McGuire for 30 or 40 years and that he did not recall hearing the Judge make racist comments. Paul Hungerford testified that he heard Judge McGuire make racist comments and tell racist jokes, off the bench, in an "offhand" manner, but that he never saw him treat African Americans who came before him in court differently than he treated people of other racial backgrounds. The Court further notes that Judge McGuire sentenced [defendant] to a term of 15 years, when he could have sentenced him to a maximim [sic] of 30 years. The Court finds that there is no evidence in the record to support the allegation that Judge McGuire was biased against African Americans generally or against [defendant] personally.

The motion court further found:

[T]rial counsel was not ineffective in "failing to adequately secure" a change of judge and change of venue in [defendant's] case. Trial counsel testified that that [sic] [defendant] had asked him to file a motion for change of judge, but that by the time [defendant] made the request the time for filing such a motion had expired. Trial counsel testified, and the record reflects, that trial counsel filed a motion for change of venue, but that it was denied.

The issue of what conduct warrants disqualification of a trial judge generally and with respect to racial bias is addressed in *State v. Kinder*, 942 S.W.2d 313 (Mo. banc 1996), and *State v. Smulls*, 935 S.W.2d 9 (Mo. banc 1996).

*Kinder* states:

It is presumed that judges act with honesty and integrity, *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), and will not undertake to preside in a trial in which they cannot be impartial, *see, e.g., State v. McElroy*, 894 S.W.2d 180, 189 (Mo.App.1995); *State v. Cooper*, 811 S.W.2d 786, 791 (Mo.App.1991). That presumption is overcome, and disqualification of a judge is required, however, if a reasonable person, giving due regard to that presumption, would find an appearance of impropriety and doubt the impartiality of the Court. See *State v. Smulls*, [935 S.W.2d 9, 16–17] (Mo.banc 1996); *State v. Nunley*, 923 S.W.2d 911, 918 (Mo.banc 1996). The rule announced in *Smulls* and *Nunley* is drawn from our Code of Judicial Conduct, Rule 2, Canons 2 and 3(C), which provide that a judge should avoid the appearance of impropriety and shall perform judicial duties without bias or prejudice, and Rule 2, Canon 3(D), which provides that a judge should recuse in a proceeding in which the judge's impartiality might reasonably be questioned.

942 S.W.2d at p. 321.

*Kinder* further explains the applicability of *Smulls*, a case defendant relies upon, to

---

1. Rule 29.15(g) now requires, "The amended motion shall not incorporate by reference material contained in any previously filed motion." That requirement is part of the amendments made to

Rule 29.15 effective January 1, 1996. It is not applicable to this appeal because defendant was sentenced prior to January 1, 1996. Rule 29.15(m).

cases in which racial bias of trial judges is claimed:

> According to the dissent *Smulls* requires disqualification of the judge whenever the judge has made any statement, in court or out of court, that might be considered offensive to minorities. In fact, *Smulls* turned largely on a narrower legal point. The trial judge made specific comments on the record in that case, raising genuine doubts as to his willingness to apply *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and in particular, he expressed an apparent unwillingness to follow the law despite his disagreement with it. *Smulls* should be read no more broadly than for the proposition that a judicial statement—on the record or off—that raises a genuine doubt as to the judge's willingness to follow the law, provides a basis for recusal or, if the judge refuses to recuse, reversal on appeal.

*Id.* at p. 322.

*Kinder* distinguished its facts from those in *Smulls* saying, "[T]his case is distinguished from *Smulls* because the judge made no statement that could reasonably be perceived as a threat to ignore the law in favor of his own policy preferences." *Id.*

The record on appeal supports the motion court's finding that the trial judge did not demonstrate a general bias against African Americans nor a bias against defendant personally. As was the situation in *Kinder*, unlike in *Smulls*, the trial judge in defendant's case made no statement that could be perceived in any respect as a threat to ignore the law in favor of a personal bias or policy. The motion court's findings and conclusions were not clearly erroneous. Defendant's point is denied.

■ Defendant's pro se brief presents nothing for review. It fails to comply with briefing requirements of Rules 30.06 and 84.04.[2] It consists of a five-page rambling narration that, in essence, restates defendant's pro se Rule 29.15 motion. Even if the narration is charitably considered as a state-ment of facts, the pro se supplemental brief has no points relied on. *See* Rules 30.06(a) and 84.04(a).

■ Defendant, in submitting his pro se supplemental brief, is bound by the same standard of compliance with briefing rules as apply to those admitted to the practice of law. *Adail v. State*, 612 S.W.2d 6, 7–8 (Mo. App.1980). The only matters considered on appeal are those stated in the "Points Relied On" in the appellant's brief. *State v. Smith*, 926 S.W.2d 174, 178 (Mo.App.1996). "A question not presented in that manner is not an issue for appellate review." *State v. Pagano*, 882 S.W.2d 326, 335 (Mo.App.1994). *See also, Neal v. State*, 796 S.W.2d 112, 113 (Mo.App.1990).

■ Although defendant undertook to appeal both the judgment of conviction in his criminal case and the order dismissing his Rule 29.15 motion, no issue relative to his criminal trial was briefed. Failure to raise an assignment of error directed to the criminal case constitutes an abandonment of that appeal. *State v. Gongora*, 866 S.W.2d 172, 174 (Mo.App.1993). It is dismissed.

The appeal of the judgment of conviction in No. 19902 is dismissed. The appeal of the order denying defendant's Rule 29.15 motion in No. 20925 is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.

---

2. The same briefing principles apply to civil cases and criminal cases even though the rules governing appellate briefs are set forth separately in Rules 30.06, directed to appeals of criminal cases, and 84.04, directed to appeals in civil cases. *State v. Wright*, 934 S.W.2d 575, 582 n. 5 (Mo.App.1996).