STATE of Missouri, Plaintiff–
Respondent,

v.

Chad E. McCARTY, Defendant–
Appellant.

Nos. 21456, 21469.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 12, 1997.

Shane Cantin, Crosby & Cantin, P.C., Springfield, for defendant-appellant.

J. Ronald Carrier, Pros., Atty., Susan F. Colburn, Asst. Pros. Atty., Greene County, for respondent.

BARNEY, Judge.

Chad E. McCarty (Appellant) brings two appeals, No. 21469 and No. 21456, from respective, concurrent sentences and judgments of the Circuit Court of Greene County, Missouri, arising from cases numbered 494CM0286 and 396CM1183. The cases are inexorably connected and in the interest of judicial economy are reviewed by this Court in tandem. We dismiss the appeal in No. 21469 and affirm the judgment in No. 21456.

## I.

Appellant previously pleaded guilty to a class A misdemeanor charge of harassment, section 565.090, RSMo 1986, against Michelle Stillings in Case Number 494CM0286 in the Circuit Court of Greene County, Missouri. The court suspended the imposition of the sentence and placed Appellant on probation.[1] Thereafter, in Case Number 396CM1183, Appellant was charged with a class A misdemeanor of assault in the third degree, Section 565.070, for having assaulted the same Michelle Stillings.

By apparent agreement of Appellant and the State, the trial court held a hearing on the State's motion to revoke Appellant's probation in Case Number 494CM0286, at the same time that a criminal trial was held on the assault charge, Case Number 396CM1183.

---

1. The Amended Legal File in appeal No. 21469 merely consists of docket entries. We are not privy to copies of the original charges, the sus-pension of the imposition of sentence nor the specific terms of probation imposed.

The trial court found the Appellant guilty beyond a reasonable doubt of the class A misdemeanor of assault in the third degree against Michelle Stillings in Case Number 396CM1183. Then, in Case Number 494CM0286 (relating to appeal No. 21469), the court revoked Appellant's probation and imposed a sentence of 30 days in the Greene County Jail, suspended the execution of the sentence and placed Appellant on unsupervised probation for a period of two years upon the condition that Appellant perform 60 hours of community service, have no contact with Michelle Stillings and other conditions not pertinent herein. The foregoing sentence was to run concurrent with the sentence in case number 396CM1183. In the latter case (relating to appeal No. 21456) the court entered the same judgment and sentence.

## II.

■ On review of appeal No. 21469, we dismiss the appeal because of Appellant's failure to comply with the provisions of Rule 30.06 and 84.04.[2]  *State v. Dodd*, 944 S.W.2d 584, 587 (Mo.App.1997).

Appellant filed a notice of appeal from the judgment in Case Number 494CM0286 and filed a Brief for Appellant, having on its face references to appeals numbered 21456 and 21469. However, the brief was devoid of any mention of case number 494CM0286. It is clear from a review of the sole brief filed by Appellant that the brief related exclusively to the allegations of error arising from the assault charge (396CM1183) in appeal No. 21456.

Although it is apparent that the assault charge figures prominently in a discussion of both cases, hence both appeals, the sole brief submitted for this court's review by Appellant failed to set out a separate Point Relied On addressing the tie-in between the assault charge and other elements of Case Number 494CM0286 (the harassment charge). "The only matters considered on appeal are those stated in the 'Points Relied On....'" *Dodd*, 944 S.W.2d at 587; *State v. Smith*, 926 S.W.2d 174, 178 (Mo.App.1996). In the argument portion of the only brief submitted for our review, there was no discussion of Case Number 494CM0286 nor was there an attempt to unite the discussion relating to the assault charge with a discussion relating to case number 494CM0286. "Where the argument portion of a brief does not refer to an alleged error set out in the corresponding point relied on, that portion of the appeal is deemed abandoned." *State v. Wright*, 934 S.W.2d 575, 582 (Mo.App.1996).

Since Appellant has failed to properly raise an assignment of error directed to allegations of error arising from Case Number 494CM0286, this constitutes an abandonment by Appellant of his appeal as to appeal No. 21469. *See State v. Cook*, 945 S.W.2d 90, 91 (Mo.App.1997); *see also Dodd*, 944 S.W.2d at 587.[3]

The appeal in No. 21469 is dismissed.

## III.

We now turn to a review of appeal No. 21456. Appellant assigns one point of trial court error. He asseverates that the trial court erred in finding him guilty beyond a reasonable doubt to the charge of assault in the third degree, contrary to section 565.070, RSMo 1994, because the evidence was insufficient to support a conviction. Appellant maintains that he presented substantial evidence that he acted in self-defense when he sprayed mace at Ms. Stillings and that the State failed to present evidence to rebut his evidence of self-defense.

■ On review of criminal matters tried by the court without a jury, the standard of

---

2. "The same briefing principles apply to civil cases and criminal cases even though the rules governing appellate briefs are set forth separately in Rules 30.06, directed to appeals of criminal cases, and 84.04, directed to appeals in civil cases." *Dodd*, 944 S.W.2d at 587 n. 2; *see also State v. Wright*, 934 S.W.2d 575, 582 n. 5 (Mo. App.1996).

3. The *Dodd* case held that "[a]lthough defendant undertook to appeal both the judgment of conviction in his criminal case and the order dismissing his Rule 29.15 motion, no issue relative to his criminal trial was briefed. Failure to raise an assignment of error directed to the criminal case constitutes an abandonment of that appeal. It is dismissed." *Dodd*, 944 S.W.2d at 587(citation omitted).

review is the same as in cases tried by a jury. *State v. Pollard,* 941 S.W.2d 831, 833 (Mo. App.1997). We accept as true all evidence tending to prove guilt together with all reasonable inferences that support the finding, and all contrary evidence and inferences are ignored. *Id.* We determine whether there was sufficient evidence from which a trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Phillips,* 940 S.W.2d 512, 520 (Mo. banc 1997). Moreover, this Court does not weigh the evidence or determine the reliability or credibility of witnesses. *State v. Frappier,* 941 S.W.2d 859, 861 (Mo.App.1997).

Appellant and Ms. Stillings knew each other for approximately three years prior to the incident at issue. Ms. Stillings testified that "I used to date him." Sometime after their dating relationship ended, however, Appellant began harassing Ms. Stillings by making unwanted phone calls to her home during all hours of the day and night, by leaving notes on her car and the door of her home, and by tapping on her bedroom window as early as 5:30 a.m.

Previous to the incident at issue, as gleaned from the record, Appellant was placed on probation for earlier acts of harassment targeted at Ms. Stillings. *See* discussion relating to appeal No. 21469, *supra.* In the previous action (Case No. 494CM0268) Appellant was ordered to have no contact with Ms. Stillings.

On January 22, 1996, at approximately 3:30 p.m., Ms. Stillings noticed Appellant sitting in his automobile watching her house in Springfield, Missouri. Ms. Stillings noticed Appellant just prior to arriving at her home from school. Rather than calling law enforcement authorities, however, Ms. Stillings decided that her course of action would be to confront Appellant. Ms. Stillings drove her automobile toward where he was parked. She testified that "I wanted to ask him why he was sitting and obviously watching my house and why he'd continued to—to call me and hang up and make harassing phone calls." As Ms. Stillings approached Appellant's automobile, Appellant began driving away. Ms. Stillings followed him.

Ms. Stillings followed Appellant for a couple of blocks until he drove into a church parking lot located at the intersection of Miller and Mount Vernon Streets. She followed him into the parking lot. After they both parked their vehicles, Ms. Stillings exited her vehicle and walked over to Appellant's vehicle. Appellant remained seated in his vehicle. He rolled down the window. They argued. Ms. Stillings testified that Appellant expressed to her that "the reasons for the harassing phone calls were to give her a warning that even though he couldn't do anything about the situation right now, that he would be able to soon in the future and that I should be very careful."

Ms. Stillings testified that during the course of the altercation, she was holding her automobile keys in her hand. Attached to her key chain was a canister of mace. Ms. Stillings testified that she was "not pointing it at him. My keys were just in my hand." She testified that she turned her back to Appellant and began walking away because Appellant "was holding a canister of mace in his hand ... and I could tell he was getting ready to spray it at me so I turned quickly and I felt the mace hit the back of my neck and on my shoulder."

Immediately following the assault, Ms. Stillings got in her car, drove home and called the police.

Springfield Police Officer Daron Barge responded to Ms. Stillings' call. After speaking with Ms. Stillings about the incident, Officer Barge contacted Appellant at his home to get his version of the events leading to the assault. Officer Barge testified that Appellant told him that Ms. Stillings was threatening him with her mace, so he decided to spray her first with his mace. Officer Barge also testified that he asked Appellant how it could have been self-defense since Ms. Stillings was walking away but "he didn't—really didn't have an answer to it."

■ Appellant testified that on the day of the altercation with Ms. Stillings, he noticed that she began following his vehicle as he exited a gas station and turned onto Orchard Crest road. Appellant stated that they were playing "cat and mouse" just to irritate each other. He testified that after they drove into

the church parking lot they began to argue. At the conclusion of their argument, Appellant stated that he felt threatened by Ms. Stillings' mace canister. Thus, he believed that a preemptive strike was warranted, so he sprayed his mace canister at her as she walking away. Appellant also alleged that Ms. Stillings and her family were harassing him and that he had not harassed them.

Appellant maintains that the foregoing evidence was insufficient to support his conviction for assault because he avers that substantial evidence was presented that he acted in self-defense.

A defendant has the burden of injecting the issue of self-defense into his case by presenting substantial evidence in support of his contention. *State v. Powers,* 913 S.W.2d 138, 141 (Mo.App.1996); *see also State v. Colson,* 926 S.W.2d 879, 882 (Mo. App.1996). Section 563.031, RSMo 1994, authorizes the use of physical force upon another person when and to the extent an individual believes such force to be necessary to defend himself for what the individual reasonably believes to be the imminent use of unlawful force by such other person. *See Powers,* 913 S.W.2d at 141. Generally, a defendant must also prove an absence of aggression on his or her part and that he or she did everything in his or her power to avoid the danger and retreated if possible. *State v. Jones,* 860 S.W.2d 386, 387 (Mo.App. 1993).

However, "[o]ne who *unreasonably* believes that he must use force to defend himself from an imminent attack or uses an unreasonable amount of force cannot escape conviction on grounds of self-defense." *State v. Redmond,* 937 S.W.2d 205, 209 (Mo. banc 1996)(emphasis added).

Here, we believe as the trial court must have, that Appellant's belief, if any, that he needed to exert any level of force to defend himself against Ms. Stillings was unreasonable. The evidence showed that Appellant remained seated, safely in his automobile during the entire course of his altercation with Ms. Stillings. The evidence did not suggest that Appellant made any effort to avoid the danger or to retreat from the danger, if any. *See Jones,* 860 S.W.2d at 387.

It is readily apparent that the trial court did not find any credible evidence to suggest that Ms. Stillings intended to spray Appellant with her mace canister. Based on the above and foregoing, we hold that there was sufficient evidence from which the trial court could find Appellant guilty beyond a reasonable doubt of assault in the third degree. *See, e.g., State v. Nesler,* 922 S.W.2d 459, 460 (Mo.App.1996). Point denied.

The judgment is affirmed.

PARRISH, P.J., concurs in Separate Opinion.

MONTGOMERY, C.J., and SHRUM, J., concur.

PARRISH, Presiding Judge, concurring.

I concur. However, with respect to No. 21469, it should be recognized that there is no right to appeal from a revocation of probation other than to perhaps challenge the sufficiency of an information or the jurisdiction of the trial court. *State v. Morgan,* 654 S.W.2d 326 (Mo.App.1983). The principal opinion should not be read to infer otherwise.