STATE of Missouri, Respondent,

v.

Jerry ROBERTSON, Appellant.

No. SD 32190.

Missouri Court of Appeals, Southern District, Division Two.

April 15, 2013.

Stuart Huffman, Springfield, MO, for Appellant.

Chris Koster & Jennifer A. Rodewald, for Respondent.

DANIEL E. SCOTT, P.J.

By bench trial, Appellant was found guilty of sodomy. Given the nature of the case, we will cite only those facts needed to explain why we deny Appellant's two points and affirm his conviction.

### Point I

Appellant, who did not testify at his trial, alleges plain error because the trial court did not inform him of his constitutional right to testify. Appellant cites no authority for this alleged obligation and a Missouri case is to the contrary.

Prudential considerations notwithstanding, a trial judge "has no duty to inquire from a criminal defendant who remains silent throughout the proceedings regarding whether he or she will testify." *State v. Edwards*, 173 S.W.3d 384, 386 (Mo.App.2005). The trial record does not indicate that Appellant was prevented from testifying or that he voiced any intention to do so. We find no error, let alone plain error. Point denied.

### Point II

This point purports to challenge the sufficiency of evidence that "Appellant engaged in forcible sodomy with the alleged victim." Yet Appellant concedes that evidence of "the acts comprising the crime of forcible sodomy was provided by

the alleged victim." Victim testimony, even if uncorroborated, is generally sufficient to sustain a sexual offense conviction. *State v. Griffith,* 312 S.W.3d 413, 426 (Mo. App.2010).

While giving lip service to our standard of review, Appellant's argument for disbelieving the victim rests upon evidence and inferences that we cannot consider because they are contrary to the judgment. "We accept as true all evidence tending to prove guilt together with all reasonable inferences that support the finding, and all contrary evidence and inferences are ignored." *State v. McCarty,* 956 S.W.2d 365, 368 (Mo.App.1997). We do not weigh the evidence or determine the reliability or credibility of witnesses. *Id.*

Without belaboring the details, the victim testified that Appellant forced her to masturbate him to ejaculation. Point II's arguments against believing the victim largely track defense counsel's forceful, but unsuccessful, arguments at trial. The trial judge, as fact-finder, was well versed in the inconsistencies, contradictions, and credibility questions at issue. He could evaluate the victim's demeanor as a witness, see how she was questioned at trial and how she responded, then weigh the weaknesses and flaws argued in the defense summation and now reiterated in this court. Inconsistencies and contradictions aside, the trial judge found Appellant guilty beyond a reasonable doubt. Only by reweighing the same evidence—which we cannot do—could we reverse that finding. *Compare Griffith,* 312 S.W.3d at 427.

Point II fails. Judgment affirmed.

JEFFREY W. BATES, J. and DON E. BURRELL, C.J., Concur.