**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**TAGAOLO WRIGHT, Defendant.**

High Court of American Samoa
Trial Division

CR No. 11-04

April 26, 2004

---

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Jeremy M. Kirkland, Assistant Attorney General
For Defendant, Sachin R. Mehta, Assistant Public Defender

## ORDER DENYING MOTION FOR JURY INSTRUCTION AND GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Defendant Tagaolo Wright ("Tagaolo") is charged with Abuse of Child in violation of A.S.C.A. § 46.3811[1] and with Assault in the Third Degree in violation of A.S.C.A. § 46.3522. Tagaolo moves for a jury instruction and also moves to continue the pre-trial conference in light of his current motion for an instruction.[2] All counsel and Tagaolo were present at the April 12, 2004 hearing on this motion. For the following reasons, we deny Tagaolo's motion for a jury instruction and grant his motion to continue the pre-trial conference.

Tagaolo seeks a pre-trial ruling that a specific jury instruction will be presented at trial. He requests an instruction regarding: (1) the mens rea requirement of the child abuse statute; and (2) the "accepted child rearing practices" as that language is used in A.S.C.A. § 45.2001.[3]

---

[1] Tagaolo mistakenly refers to this statute as A.S.C.A. § 46.3611 (short cited as "section 3611") in his memorandum. A.S.C.A. § 46.3611 is the sodomy statute. Tagaolo is not charged with any offense under A.S.C.A. § 46.3611.

[2] The government did not file a written response to Tagaolo's motion.

[3] The proposed instruction reads as follows:

> PROPOSED PRELIMINARY JURY INSTRUCTION. (a) If you find that defendant's actions fall within the accepted child rearing practices of the territory of American Samoa, then you

143

At the outset, we note (and Tagaolo admits) that "generally jury instructions are filed after the pre-trial conference." (Def.'s Mot. at 3.) Tagaolo cites no legal authority or precedent to demonstrate that consideration of jury instructions at this early juncture is appropriate.

■ T.C.R.Cr.P. 30 provides in relevant part:

> *At the close of the evidence or at such earlier time during the trial as the court reasonably directs,* any party may file written request that the court instruct the jury on the law as set forth in the requests . . . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. (emphasis added).

We see no reason to depart from T.C.R.Cr.P. 30 and decide on jury instructions at this time.

■ Moreover, it is unclear from his motion whether Tagaolo wants the court to give this instruction to the jury before the presentation of the evidence as a preliminary jury instruction or after the close of evidence during regular jury instructions. (Def.'s Mot. at 3 n.1 (providing his "PROPOSED *PRELIMINARY* JURY INSTRUCTION") (emphasis added).) Courts sometimes give preliminary instructions to the jury prior to the presentation of the evidence. 2A CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE, § 483 (West 2000) ("It is often desirable for the judge to give the jury preliminary instructions at the outset of trial . . . .") (footnote omitted). However, most times, these preliminary instructions consist of routine issues such as "the burden of proof, presumption of innocence, reasonable doubt, and the roles of the judge and attorneys." 26 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 630.04 (3d ed. 1999). We prefer to rule on jury instructions at a later date.

■ However, in denying Tagaolo's motion, we do not preclude him from bringing this same instruction at a more appropriate time. Indeed, with respect to the requested mens rea instruction, we note that "[i]n instructing the jury, the court must accurately define the essential elements of the offense charged." *Id.* § 630.02[2]. With respect to the requested "accepted child rearing practices" instruction, we note that "[a] defendant is entitled to have the jury instructed regarding each legitimate

must find Defendant "Not Guilty." (b) If you find that Defendant committed the acts or omissions through negligence, then you must find Defendant "Not Guilty."
(Def.'s Mot at 3-4 n.1.)

theory of defense. The proposed instruction must be supported by evidence sufficient for a reasonable jury to find in the defendant's favor." *Id.* § 630.11[2][a] (footnote omitted).

From Tagaolo's written request for a jury instruction, it is apparent that defense counsel brought this motion in an attempt to clarify "a question of law, the judicial determination of which would assist both parties in plea negotiations." (Def.'s Mot. at 3.) Should there be some confusion or disagreement about the interpretation of the statute under which Tagaolo is charged, he is not without options in this regard. As we noted at the hearing, if defense counsel thinks the child abuse statutes are vague, he can bring the appropriate motion to challenge them. Moreover, if defense counsel thinks the mens rea element is inappropriately excluded from the charge, he can move to dismiss.[4] *See, e.g., American Samoa Gov't v. Afamasaga,* 17 A.S.R.2d 145, 149-50 (Trial Div. 1990) (noting an information may track a statute, "as long as the statute sets forth fully, directly and expressly, without any uncertainty or ambiguity, . . . all the elements necessary to constitute the offence intended to be punished") (citation omitted); *State v. Briscoe,* 847 S.W.2d 792, 794 (Mo. 1993) (discussing a post-verdict challenge to an information that "fail[ed] to specify, at least by express terms, the culpable mental state"). However, since neither of these issues is properly before us, we express no opinion on the merits of them.

### Order

Tagaolo's motion for jury instructions is denied. Tagaolo's motion to continue the pre-trial conference is granted.

It is so ordered.

---

[4] In this same regard, the government may move to amend the information "at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." T.C.R.Cr.P. 7(e).