STATE of Missouri, Plaintiff–Respondent,

v.

Delvin L. DONEHUE, Defendant–Appellant.

No. 25733.

Missouri Court of Appeals, Southern District, Division One.

Sept. 29, 2004.

Craig A. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Delvin L. Donehue ("Appellant") appeals his convictions for burglary in the first degree,[1] assault in the second degree,[2] attempted robbery in the first degree,[3] assault in the first degree,[4] and four counts of armed criminal action.[5] Appellant raises two issues on appeal concerning the sentencing on these convictions, but he does not contest the sufficiency of the evidence. Appellant contends the trial court erred when it classified him as a prior and persistent offender.

During a pre-trial proceeding, the state introduced and the court admitted four exhibits, numbered 101, 102, 103 and 104, to support its allegation that Appellant was a prior and persistent offender. Exhibit 101 was what was purported to be an authenticated copy of a judgment of conviction following a guilty plea for attempting to commit murder in the first degree during the perpetration of aggravated robbery. The document notes that the date of conviction was October 4, 1994 and that the sentence was concurrent with two other charges, one for theft over $10,000 and the other for aggravated robbery. Appellant received a fifteen year sentence on the charge.

Exhibit 102, likewise, is what appears to be an authenticated copy of a judgment of conviction on a guilty plea for aggravated robbery dated on the same date as Exhibit

---

1. A violation of Section 569.160. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. A violation of Section 565.060.

3. A violation of Section 564.011.

4. A violation of Section 565.050.

5. A violation of Section 571.015.

101 and referencing two concurrent sentences. One of the concurrent sentence numbers matches the number of the judgment in Exhibit 101 and the other matches the number of the judgment in Exhibit 103.

Exhibit 103, which is authenticated in the same manner as Exhibit 101 and 102, contains a judgment of conviction resulting from a guilty plea for the offense of theft over $10,000, is dated the same date as the first two judgments, and notes that the sentences run concurrently with the first two judgments.

Exhibit 104 contains a certification from the Tennessee Department of Corrections that the documents are the copies of the inmate records of Appellant. The documents reference the crimes of criminal attempted murder, theft of property over $10,000 and aggravated robbery. Included in Exhibit 104 are copies of the judgments described herein in Exhibits 101, 102, and 103. Exhibit 104 also contains a narrative of the offense which states that the attempted murder charge and the aggravated robbery charge resulted from events that occurred on November 3, 1993 whereas the theft over $10,000 charge resulted from events that happened on October 31, 1993.

Appellant objected at trial to the exhibits on the grounds that the exhibits did not contain proper identifiers and that they were not properly certified. The court overruled Appellant's objection and found that sufficient indicia of identification existed and that, beyond a reasonable doubt, Appellant was a prior and persistent offender. This appeal follows.

■ On direct appeal, we review the trial court's determination " 'for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial.' " *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996) (citation omitted). The trial court is "vested with broad discretion to admit evidence at trial"; we will only reverse if the trial court clearly abused its discretion. *State v. Morrow*, 968 S.W.2d 100, 106 (Mo. banc 1998). A trial court abuses its discretion when its "ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Hancock v. Shook*, 100 S.W.3d 786, 795 (Mo. banc 2003). Issues that have not been preserved are reviewed for plain error and we will only reverse if the trial court's error created manifest injustice or a miscarriage of justice. *State v. Worthington*, 8 S.W.3d 83, 87 (Mo. banc 1999).

■ Appellant contends in his first point that the out-of-state convictions were not properly certified or authenticated because the page which contains the clerk's certification states that "the foregoing" pages were true copies, but because Exhibits 101, 102, and 103 did not include any "foregoing" pages, the state failed to prove Appellant's prior offender status. Instead, the copies of the indictment and judgment follow the certification page. Exhibit 104 is not an authenticated record; it is a certified document and does not contain the "foregoing" language. Inasmuch as Appellant's first point, and his entire argument, challenges the foundation of Exhibits 101, 102 and 103 on the basis of the "foregoing" language included in these three exhibits, we need not address his first point. Appellant cannot show any prejudice in the admission of Exhibits 101, 102 and 103 because there is no challenge alleged to Exhibit 104, which contains all of the judgments of convictions included in the first three exhibits. Exhibits 101, 102 and 103 are merely cumulative of Exhibit

104.[6]  The properly certified prison records contained in Exhibit 104 are admissible to prove Appellant's status as a prior and persistent offender. *See State v. Myers*, 538 S.W.2d 892, 895–96 (Mo.App. 1976).  Point I is denied.

Appellant's second point claims the trial court erred in finding him to be a persistent offender because the amended information did not plead the essential fact that Appellant had two or more prior felonies committed at different times as required by Sections 558.016 and 558.021.  In support of his argument, Appellant's point contends that the indictments of the prior offenses indicated that two of them were committed "on November 3, 1993" and the other one was committed "during the period of time between October 31, 1993 and November 6, 1993, which encompasses November 3, 1993."  As noted in our discussion of Appellant's first point, however, Exhibit 104 clearly indicates the theft over $10,000 occurred on a separate date from the other two crimes.  Appellant did not raise the issue at trial that the state had neither plead nor proved that Appellant was a persistent offender and now seeks plain error review.

Appellant's argument simply recites the mechanism for proving a defendant to be a persistent offender[7] and then states that the prosecution did not meet any of the necessary requirements.  As we perceive Appellant's point, his complaint is with the first prong, which requires the charging document to plead all essential facts warranting a finding that the defendant is a persistent offender.[8]  Appellant cites two cases standing for his general proposition that the trial court plainly erred in finding Appellant to be a persistent offender.  Neither of the cited cases have anything to do with an insufficient amended information; both cases are simply cases where the reviewing court found that the state had not proven that Appellant had committed two or more prior felonies at different times.

We note that the amended information at issue is almost *verbatim* in line with Missouri Approved Charges–Criminal 2.30.2 for charging a defendant as a persistent offender.  The amended information in this case specifically stated Appellant was a persistent offender in that "he has pleaded guilty to/been found guilty of two

---

**6.** Exhibit 104 appears to have been certified pursuant to Section 490.220, RSMo. and Appellant makes no challenge to that certification.

**7.** According to Section 558.021.1,

The court shall find the defendant to be a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender if:
(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and
(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defen-

dant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and
(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.

**8.** In light of our finding that sufficient evidence exists that the state proved three prior offenses, one of which was committed on a different date according to Exhibit 104, we do not address the second prong.  Appellant does not appear to be challenging the third prong, the necessity of the court to make a finding; however, we note the trial court did make a finding on the record that Appellant was "a prior and persistent offender as required by the statute."

or more felonies committed at different times." The amended information then listed the date of the three prior felonies, giving the location of the court and the case number of each of the offenses.

When the issue of the sufficiency of a charging document is raised for the first time after the verdict, the appellate court will deem the information insufficient only if it is so defective that "(1) it does not by any reasonable construction charge the offense of which the defendant was convicted, or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced." *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992). Appellant has not even argued nor has he met his burden on either of the two prongs. The amended information follows the recommended language of the Missouri Approved Charges–Criminal which we deem to comply with the pleading requirements for informations. *See* Rule 23.01(b). Appellant was not hindered in his ability to prepare a defense that he was not a persistent offender. We find no error, plain or otherwise, in the determination that Appellant was a persistent offender. Point II is denied.

The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.